**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| THOMAS COOK and EMANUEL BERMUDEZ, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 3:16-cv-673-BJD-JRK |
| v. | ) ) | District Judge Brian J. Davis |
| PALMER, REIFLER & ASSOCIATES, and WAL-MART STORES, INC., | ) ) ) ) | Magistrate Judge James R. Klindt |
| Defendants. | ) | |

**EXPLANATION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff, Emanuel Bermudez, by and through counsel, and pursuant to this Honorable Court's Order [Doc. 175], respectfully submits this Explanation of Supplemental Authority in Support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement. [Doc. 173]

In *Waddell Williams v. Bluestem Brands*, No. 8:17-CV-1971-T-27AAS, 2019 WL 1450090, (M.D. Fla. Apr. 2, 2019), this District granted plaintiff's Motion for Preliminary Approval for class action settlement of $1,269,500 for a class of 280,000 consumers who received calls made with an ATDS or automated or prerecorded voice without their consent. As in our pending case, class members in *Wendell* received calls without providing consent.

In addition to finding that the prerequisites of numerosity and adequacy of representation pursuant to Federal Rule 23(a), Judge Whittemore also found that Plaintiff's claim and his injury are the same as the putative class members, and stem from the same event, calls to their cellular telephone numbers by Defendant using an ATDS to reach someone else and that the common questions of "whether Bluestem used an ATDS as defined by the TCPA to place the calls at issue, and whether Bluestem is liable for calls made to allegedly wrong or reassigned numbers" affects "all or a significant number of proposed class members." *Wendell*, at *3.

Plaintiff respectfully submits that *Wendell* strongly supports preliminary approval of this case as this settlement provides a much larger settlement fund for a much smaller class. Specifically *Wendell* found that a $1,269,500 settlement for 280,000 class members was "in line with similar TCPA class action settlements" estimating a valid claim would equal $43 at a 5% claim rate. *Id*. at *2, n. 2. Here, Plaintiff seeks preliminary approval for a class of 23,083 members for a $3,500,000 settlement, estimating a valid claim equaling $1,900 at the same 5% anticipate claim rate. [Doc. 171, p. 16]. Thus, *Wendell* illustrates the settlement is extremely fair and reasonable.

Dated: April 15, 2019

Respectfully submitted,

  s/ *Amanda J. Allen*

| | |
|---|---|
| Keith J. Keogh (FBN 126335) | William Peerce Howard (FBN 0103330) |
| Amy L. Wells, *pro hac vice* | Amanda J. Allen (FBN 0098226) |
| KEOGH LAW, LTD | THE CONSUMER PROTECTION FIRM |
| 55 West Monroe Street, Suite 3390 | 4030 Henderson Blvd |
| Chicago, Illinois 60603 | Tampa, Florida 33629 |
| (312) 726-1092 | (813) 500-1500 |
| (312) 726-1093 (fax) | Billy@TheConsumerProtectionFirm.com |
| Keith@KeoghLaw.com | Amanda@TheConsumerProtectionFirm.com |
| Awells@KeoghLaw.com | |

## **CERTIFICATE OF SERVICE**

I certify that on April 15, 2019 the foregoing was served using the CM/ECF system on all the counsel of record.

  s/ *Amanda J. Allen*
Amanda J. Allen (FBN 0098226)