**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

THOMAS COOK and EMANUEL
BERMUDEZ, individually and on
behalf of all others similarly situated,

                Plaintiffs,

vs.                                    Case No.  3:16-cv-673-J-39JRK

PALMER, REIFLER & ASSOCIATES and
WAL-MART STORES, INC.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

      This cause is before the Court on Plaintiff's Motion for Preliminary Approval of Class

Action Settlement (Doc. No. 171; "Motion"), filed December 19, 2018. The settlement

agreement and release are attached to the Motion (Doc. No. 171-1; "Settlement Agreement").

Attached to the Settlement Agreement, among other things, is a proposed order 1)

conditionally certifying a settlement class, 2) preliminarily approving the class action

settlement, 3) approving the notice plan, and 4) setting a final approval hearing.  Settlement

Agreement at Ex. 2 ("Proposed Order").[2]  Defendants have agreed to the terms of the

Settlement Agreement, and they do not object to the certification of the settlement class for

---

[1]     "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  Id.  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

[2]     Also submitted in support of the Motion are: 1) a Video Deposition of Emanuel Bermudez (Doc. No. 172-1); 2) a Declaration of Keith J. Keogh (Doc. No. 171-3); 3) a Declaration of William Peerce Howard (Doc. No. 171-4); 4) a Notice of Supplemental Authority in Support of the Motion (Doc. No. 173); and 5) an Explanation of Supplemental Authority in Support of the Motion (Doc. No. 176).

settlement purposes only.  On December 20, 2018, the Honorable Brian J. Davis, United States District Judge, referred the Motion to the undersigned. Upon consideration of the Motion, the Settlement Agreement, the Proposed Order, and the applicable law, the undersigned recommends that the Motion be granted and that the Proposed Order be entered.

### I. Procedural History/Background

This is a class action brought pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.  Plaintiffs allege they "received prerecorded robocalls" placed by Defendant Palmer, Reifler & Associates ("PRA") on behalf of Defendant Wal-Mart Stores, Inc. ("Walmart") "to collect monies allegedly due to Walmart as a result of shoplifting even though Plaintiff[s were] not the person[s] that Defendants were trying to reach."  Motion at 1.  The Complaint - Class Action was filed on May 31, 2016 (Doc. No. 1). An Amended Class Action Complaint was filed on November 4, 2016 (Doc. No. 22). The Second Amended Class Action Complaint was filed on March 30, 2017 (Doc. No. 43). The Third Amended Class Action Complaint was filed on August 30, 2017 (Doc. No. 59). On September 13, 2017, Defendants filed their Answers and Affirmative Defenses (Doc. Nos. 63, 64).

On October 20, 2017, Plaintiff Bermudez filed a Motion for Class Certification (Doc. No. 70). On February 22, 2018, Walmart filed a Motion for Summary Judgment or Partial Summary Judgment (Doc. No. 104). On February 23, 2018, Plaintiff Bermudez filed an Amended Motion for Class Certification (Doc. No. 108). Defendants opposed the Amended Motion for Class Certification. See Wal-Mart's Opposition to Plaintiff's Amended Motion for Class Certification (Doc. No. 115); PRA's Response in Opposition to Plaintiff's Motion to Certify Class (Doc. No. 116), both filed March 9, 2018. Then, on August 3, 2018, a Joint

Motion to Stay Rulings on the Motions for Class Certification and for Summary Judgment Pending Mediation (Doc. No. 163) was filed. That Motion was granted on August 6, 2018. See Order (Doc. No. 164). As a result of mediation, Plaintiff Bermudez (hereinafter "Plaintiff") and Defendants entered into the Settlement Agreement, and Plaintiff filed the instant Motion.[3]

## II. Settlement Agreement

As noted, Plaintiff and Defendants participated in mediation in September 2018 and entered into the Settlement Agreement in December 2018. See Motion at 2 n.2. Under the proposed Settlement Agreement, the Settlement Class is defined as follows:

(i) **Wrong-Number Class**: (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number, such as where PRA listed that number on its Wrong Number List.

(ii) **Call after Wrong-Number Notation Class**: (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number after which it was already informed it had the wrong number, such as where the number was previously added to PRA's Wrong-Number List.

(iii) **DNC Class**: (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called after receiving a do not call request, such as where the number was previously added to PRA's Do Not Call list.

Id. at 3.[4]

---

[3]     Plaintiff Cook "accepted an individual settlement offer" and is therefore not a party to the instant Motion.  Motion at 6.

[4]     There are a number of exclusions from the Settlement Class.  See Motion at 2 n.3.

"Plaintiff estimates there are 31,748 unique cellular telephone [numbers] that had a wrong number notation or Do-Not-Call notation as defined above." Id. According to Plaintiff, the breakdown is as follows: 20,489 unique numbers for the Wrong-Number Class; 9,977 unique numbers for Call after Wrong Number Notation Class; and, 1,282 unique numbers for the DNC Class. Id. Because some of the unique telephone numbers fall under two or three of the classes, the total number of unique cellular numbers after identification of duplicates equals 23,083. Id.

Under the Settlement Agreement, Defendants will pay $3.5 Million into a non-reversionary Settlement Fund. Id.; see Settlement Agreement ¶ 40. "A Settlement Class Member who submits a timely claim form will receive a pro rata share of the net settlement proceeds after payment of the cost of sending notice of the Settlement to the Settlement Class, settlement administration expenses, Court approved attorneys' fee and expense award, and any class representative incentive awarded by th[e] Court." Motion at 3-4. Plaintiff estimates the pro rata share for each class member who submits a valid claim will be $1,900 at a five percent claim rate and $957 at a ten percent claim rate. Id. at 4.

Plaintiff intends to apply for an incentive award not to exceed $20,000. Id. Plaintiff has participated in various aspects of the case, including discovery, being deposed and attending mediation. Id. Moreover, Plaintiff turned down "substantial individual settlement offers to fight for the class at a time when his co-plaintiff, Mr. Cook accepted an individual settlement offer." Id. "[T]he amount now sought" through the intended application "was not a factor in agreeing to this Agreement." Id. at 4.

As to attorneys' fees and expenses, Plaintiff's counsel will petition the Court for an award of attorneys' fees of one-third of the maximum settlement amount, plus expenses. Id.

The notice to the Settlement Class will notify the Settlement Class of this intention, and the fee petition (soon to be filed) will be posted on the settlement website. Id. As with the incentive award, "the Agreement does not provide any 'clear sailing' provision regarding attorney fees or expenses."  Id.

### III. Discussion

"The claims, issues, or defenses of a certified class–or a class proposed to be certified for purposes of a settlement–may be settled, voluntarily dismissed, or compromised only with the court's approval."[5]  Fed. R. Civ. P. 23(e). "Notice of the proposed settlement must be provided to all class members who would be bound by the proposal if it is shown that the court will likely be able to (1) approve the proposal as 'fair, reasonable, and adequate,' and (2) certify the class for purposes of judgment on the proposal." Williams, 2019 WL 1450090, at *1 (citing Fed. R. Civ. P. 23(e)(1)).

The undersigned first addresses class certification for settlement purposes. Then, the undersigned considers whether the proposed settlement is fair, reasonable, and adequate. Finally, the undersigned addresses the proposed notice to class members.

### A. Settlement Class Certification

"In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if

---

[5]     When the settlement class has not been certified prior to reaching a settlement, a proposal for class certification may be included in the motion for preliminary approval. See Williams v. Bluestem Brands, Inc., No. 8:17-cv-1971-T-27AAS, 2019 WL 1450090, at *1 n.1 (M.D. Fla. Apr. 2, 2019) (unpublished) (citation omitted).

approved, would obviate the need for a trial." <u>In re Checking Account Overdraft Litig.</u>, 275 F.R.D. 654, 659 (S.D. Fla. 2011) (citations omitted)).  The Court must also be satisfied that the proposed class "is adequately defined and clearly ascertainable."  <u>Little v. T-Mobile USA, Inc.</u>, 691 F.3d 1302, 1304 (11th Cir. 2012) (quotation and citation omitted).

As an initial matter, the undersigned is satisfied that the proposed settlement class is adequately defined and clearly ascertainable. The settlement class is identified and defined in three specific categories. It is clear that the members of these categories have been identified through an exhaustive review of records. <u>See</u> Motion at 2-4; Settlement Agreement at 3-4.

Under Rule 23(a), a class may be certified only if the following prerequisites are met:

> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed R. Civ. P. 23(a)(1)-(4).

As to numerosity, the proposed Settlement Class includes persons associated with at least 31,748 unique cellular telephone numbers throughout the United States.  <u>See</u> Motion at 3.  After eliminating duplicate numbers in the three Settlement Class categories, the number of Settlement Class members is approximately 23,083, <u>see id.</u>, making individual joinder impracticable. Accordingly, the Settlement Class meets the numerosity requirement of Rule 23(a)(1).

As to the commonality requirement, all Settlement Class Members share the common issue of whether prerecorded calls were made to them by Defendants without their consent.

Motion at 8. Thus, the commonality requirement of Rule 23(a)(2) is met. <u>See</u> <u>Vega v. T-Mobile</u> <u>USA, Inc.</u>, 564 F.3d 1256, 1268 (11th Cir. 2009) (recognizing that "the commonality requirement demands only that there be 'questions of law or fact common to the class'") (quoting Fed. R. Civ. P. 23(a)(2)).

As to typicality, Plaintiff's claim and his alleged injury are the same as the putative Settlement Class Members and are alleged to derive from the same events: pre-recorded calls to their telephone numbers without consent. This satisfies the typicality requirement of Rule 23(a)(3). <u>See</u> <u>Kornberg v. Carnival Cruise Lines, Inc.</u>, 741 F.2d 1332, 1337 (11th Cir. 1984) (stating that a plaintiff's claim is typical of the class members claims if they "arise from the same event or pattern or practice and are based on the same legal theory").

As to the adequacy of representation, the Court must consider two factors: (1) whether the class representative has interests antagonistic to the settlement class; and (2) whether class counsel is competent. <u>Griffin v. Carlin</u>, 755 F.2d 1516, 1533 (11th Cir. 1985) (citation omitted).  Here, Plaintiff's and the Settlement Class's interests are aligned in that they seek redress for the same alleged harm: violation of the TCPA. Also, Plaintiff's counsel have the qualifications and extensive experience to handle this litigation and act as class counsel. Thus, the requirement of Rule 23(a)(4) is met, and Plaintiff's counsel should be appointed as class counsel.

Once the four prerequisites of Rule 23(a) are met, the Court must determine whether one of the three elements of Rule 23(b) is satisfied.  Here, Plaintiff asserts he meets the requirement under Rule 23(b)(3) that requires the Court to find that

> the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b)(3).  Common issues of fact and law are predominate if they "ha[ve] a direct impact on every class member's effort to establish liability and on every class member's entitlement to . . . monetary relief." <u>Klay v. Humana, Inc.</u>, 382 F.3d 1241, 1254-55 (11th Cir. 2004) (first alteration in original) (citation omitted), abrogated in part on other grounds by <u>Bridge v. Phoenix Bond & Indem. Co.</u>, 553 U.S. 639 (2008).

Here, there are common issues and questions concerning whether Defendant PRA had prior consent to make the telephone calls at issue and whether Defendant Walmart is liable for Defendant PRA's calls. These issues and questions directly affect the class member's ability to establish liability and to obtain relief.  Moreover, a class action is superior to other methods for fairly and efficiently adjudicating the controversy.

In short, the four prerequisites of Rule 23(a) and the requirements of Rule 23(b)(3) are satisfied. Accordingly, the undersigned recommends that the Settlement Class as defined above be conditionally certified.

## B. Consideration of Proposed Settlement Agreement

In <u>Bennett v. Behring, Corp.</u>, the United States Court of Appeals for the Eleventh Circuit recognized the appropriate guidelines for determining whether a settlement is fair, reasonable, and adequate:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage proceedings at which the settlement was achieved.

737 F.2d 982, 986 (11th Cir. 1984).

The likelihood of success at trial is difficult to assess. Defendants have vigorously defended this case. They have denied liability, and they have each raised nine affirmative

defenses. <u>See</u> Defendants' Answer and Affirmative Defenses to Plaintiffs' Third Amended Class Action Complaint (Doc. Nos. 63, 64), both filed September 13, 2017. Defendants also have vigorously opposed class certification, opposing both the initial and amended motions for class certification.  <u>See</u> Response in Opposition to Plaintiff's Motion to Certify Class (Doc. No. 81), filed November 13, 2017; Defendant Walmart's Opposition to Plaintiff's Amended Motion for Class Certification (Doc. No. 115), filed March 9, 2018; Defendant PRA's Response in Opposition to Plaintiff's Motion to Certify Class (Doc. No. 116), filed March 9, 2018. Moreover, Defendant Walmart has moved for Summary Judgment, which presents a "significant" risk to Plaintiff and potential class members.  Motion at 15; <u>see</u> Defendant Walmart's Motion for Summary Judgment or Motion for Partial Summary Judgment and Memorandum of Law (Doc. No. 104), filed February 22, 2018.  As Plaintiff points out, "if Walmart was not liable for PRA's calls, PRA would not be able to pay a class judgment due to its financial condition."  Motion at 14. Indeed, Plaintiff recognizes "a number of major hurdles" must be cleared "to secure relief for the class in the absence of settlement." <u>Id.</u> at 15. These considerations favor approval of the proposed settlement.

The proposed settlement is the result of "substantial and active arms' length negotiations that took place over years."  <u>Id.</u> Plaintiff represents that "the monetary relief is . . . reasonable as compared to other TCPA class settlements approved in this district and elsewhere." <u>Id.</u> at 14-15 (collecting cases).  The range of possible recovery favors approval of the proposed settlement.

The complexity and duration of the litigation favors settlement. The original Complaint was filed on May 31, 2016. The proposed settlement agreement was reached in late 2018. The parties have engaged in extensive discovery and extensive motion practice. As noted,

the Amended Motion for Class Certification was vigorously opposed, and Defendant Walmart moved for summary judgment. Plaintiff and his counsel have had plenty of time to evaluate the case and make an informed decision to enter into the proposed settlement agreement.

The stage of the proceedings at which the settlement was reached also favors settlement. As noted, there has been a great deal of litigation up to this point, but the costs of continued litigation and the uncertainty involving class certification, summary judgment, and ultimately a potential trial make entering into the proposed settlement at this time fair and reasonable.

The undersigned is unaware of any opposition to the proposed Settlement Agreement.

For the reasons discussed above, the undersigned finds that for the purposes of preliminary approval, the Settlement Agreement is "fair, reasonable and adequate."

## C. Class Notice and Claim Forms

The adequacy of class notice "is measured by reasonableness." Fought v. Am. Home Shield Corp., 668 F.3d 1233, 1239 (11th Cir. 2011) (citing Fed. R. Civ. P. 23(e)). Rule 23(c)(2)(B) governs notice here, containing a number of requirements that "must [be] clearly and concisely state[d] in plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B). Plaintiff states that "[b]ecause the names and addresses associated with the unique cellular telephone numbers are not known, the Settlement Agreement provides Class Counsel will subpoena [various cellular providers] for contact information missing from the PRA WN/DNC List for the purpose of providing the best notice practicable to those members of the Settlement Class." Motion at 16. "For those numbers that did not return contact information for class members, the Claims Administrator shall perform reverse look up using third party databases." Id. Then, once the contact information is received, the claims administrator will

send via First Class mail a notice advising each potential class member about the settlement and directing the class members to a website where they can learn more information. Id.; see Notice (Doc. No. 171-1 at 43-46). The website will "provide[] Settlement Class Members with a detailed explanation of their options, to enable them to make an informed decision." Motion at 16. There will also be a toll-free phone number for individuals who have questions. Id. Finally, Defendants will serve "the Attorneys General of each of the fifty United States and the Attorney General of the United States notice of the proposed settlement, pursuant to 28 U.S.C. § 1715, within ten (10) days after the proposed Settlement is filed." Motion at 17. Upon review of the proposed methods by which notice will be accomplished and the form and substance of the proposed notice, the undersigned finds that the class notice is adequate, reasonable, and meets the requirements of Rule 23(c)(2)(B).

## IV. Conclusion

Based on the foregoing, it is

**RECOMMENDED THAT**:

1.     Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Doc. No. 171) be **GRANTED**.

2.     The Court enter the proposed order (Doc. No. 171-1 at pp. 48-59) that: (1) conditionally certifies a settlement class, (2) preliminarily approves a class action settlement, (3) approves a notice plan, and (4) sets a final approval hearing.

**RESPECTFULLY RECOMMENDED** at Jacksonville, Florida on May 17, 2019.

**JAMES R. KLINDT**
United States Magistrate Judge

Copies to:

Hon. Brian J. Davis
United States District Judge

Counsel of Record