UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS COOK, individually and on
behalf of all others similarly situated and
EMANUEL BERMUDEZ, individually
and on behalf of all others similarly
situated,

    Plaintiffs,

v.                                                                     Case No. 3:16-cv-673-J-39JRK

WAL-MART STORES, INC and
PALMER, REIFLER & ASSOCIATES,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 177; Report) entered by the Honorable James R. Klindt, United States Magistrate Judge. In the Report, the Magistrate Judge recommends that the Court grant Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Doc. 171; Motion). Report at 11. The Magistrate Judge also recommends that the Court enter the proposed order (Doc. 171-1 at 48–59; Proposed Order). Id. No party filed an objection to the Report and the time to do so has passed.[1] Accordingly, the matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific

---

[1] Rule 6.02(a), Local Rules, United States District Court, Middle District of Florida (Local Rule(s)) directs that any objections to a report and recommendation should be filed within fourteen days after service of the report and recommendation.

objections to findings of fact are filed, the district judge is not required to conduct a *de novo* review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 & n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). Further, if no objections to a magistrate judge's report and recommendation are filed, the district court reviews legal conclusions only for plain error and only if necessary in the interests of justice. Shepherd v. Wilson, 663 F. App'x 813, 816 (11th Cir. 2016); see also Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015) (noting that under 11th Circuit Rule 3-1, the appellant would have waived his ability to object to the district court's final order on a report and recommendation where appellant failed to object to that report and recommendation). "Under plain error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016) (citing Farley v. Nationwide Mut. Ins. Co., 197 F.3d 1322, 1329 (11th Cir. 1999)). Upon independent review of the entire record, the undersigned finds no plain error in the Report.

Accordingly, after due consideration, it is

**ORDERED:**

    1. The Report and Recommendation (Doc. 177) is **ADOPTED** as the opinion of this Court.

    2. Plaintiff's Motion for Preliminary Approval of Class Action Settlement (Doc. 171) is **GRANTED**.

3. The Court preliminarily approves the terms of the Proposed Settlement (Doc. 171-1) as being a fair, reasonable, and adequate resolution of the dispute between the parties.

4. The parties' Proposed Order (Doc. 171-1 at 48–59) is **ADOPTED** with the following deadlines:

| | |
|---|---|
| **December 2, 2019** | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
| **January 6, 2020** | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| **March 22, 2020** | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| **February 2, 2020** | Deadline for Class Members to Submit a Claim Form (Claim Period) |
| **April 23, 2020** | Deadline for Parties to file the following: (1) List of persons who made timely and proper requests for exclusion (under seal); (2) Proof of Class Notice; and (3) Motion and memorandum in support of final approval, including responses to any objections. |
| **May 28, 2020 at 2:00 p.m.** | Final Approval Hearing |

5. A Fairness Hearing will be held at **2:00 p.m.** on **May 28, 2020**, in Courtroom 12C at the United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202,[2] at which time the Court will consider whether the Proposed Settlement should be

---

[2] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices generally are not permitted in the building, attorneys may bring those items with them upon presentation to Court Security Officers of a Florida Bar card (presentation of the Duval County Courthouse lawyer

finally approved as fair, reasonable, and adequate, and whether a final judgment should be entered. The Court may adjourn and/or continue the Fairness Hearing without further notice to the Proposed Class.

6. The reasonableness and fairness of a separate payment to Class Counsel for fees and costs shall be determined at the Fairness Hearing. Affidavits and documentation in support of any requested award of fees and costs shall be included with the papers submitted by Class Counsel in support of any motion for final approval of the Proposed Settlement. The Court will also consider whether to approve the Service Award to the named Plaintiff at the Fairness Hearing.

7. The parties are directed to insert the relevant dates and deadlines in the Class Notice. The Court approves the Class Notice for distribution to those consumers on the Class List with a valid mailing address as determined by the Settlement Administrator in accordance with the Proposed Settlement.

8. Class Counsel is authorized to represent and act on behalf of the Class with respect to all acts required by the Proposed Settlement or such other acts which are reasonably necessary to consummate the spirit of the Proposed Settlement.

9. All litigation, including discovery, other than further proceedings with respect to the Proposed Settlement, is **STAYED** pending further order of this Court. Any Class Member may opt-out by utilizing the procedures outlined in the Class Notice.

10. To be legally effective, all requests for exclusion must be postmarked on or before the deadline for exclusion set forth in the Class Notice. If the Court finally approves the Proposed Settlement, all persons falling within the Class who do not request to be

---

identification card will suffice) or Order of special admission pro hac vice. However, all cell phones must be turned off while in the courtroom.

excluded shall be bound by the terms of the Proposed Settlement, any Judgment entered thereon, and any orders entered by the Court in connection with the Proposed Settlement set forth in the Proposed Settlement. Persons who submit valid and timely notices of their intent to be excluded from the Proposed Settlement shall neither receive any benefits, nor be bound by the terms, of the Proposed Settlement.

11. Any Class Member may appear and be heard as to why the Proposed Settlement, or any provision thereof, should not be approved as fair, reasonable, and adequate; provided, however, that no Class Member or any other person, shall be heard or entitled to contest the approval of the Proposed Settlement, or, if approved, the Judgment to be entered thereon, unless on or before **March 22, 2020**, that person has caused to be filed written objections in the manner and form outlined in the Class Notice, stating all supporting bases and reasons, with the Clerk of the Court.

12. Attendance at the Fairness Hearing is not necessary in order for an objection to be considered by the Court; however, persons wishing to be heard orally in opposition to the approval of the Proposed Settlement are required to indicate in their written objection their intention to appear at the Fairness Hearing. All written objections shall conform to the requirements of the Class Notice and shall identify any and all witnesses, documents or other evidence of any kind that are to be presented at the Fairness Hearing in connection with such objections and shall further set forth the substance of any testimony to be given by such witnesses.

13. Any Class Member who does not make his, her or its objection in the manner provided in the preceding paragraph of this Order shall be deemed to have

waived such objection and shall forever be foreclosed from making any objections to the fairness, adequacy, or reasonableness of the Proposed Settlement.

14. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

15. If the Proposed Settlement is not consummated for any reason, the instant Order shall be void and of no further effect and the parties and Class Members shall be returned to the positions each occupied prior to this Order, without prejudice to any legal argument any party may have asserted in this action.

16. The Proposed Settlement and all negotiations, proceedings, documents prepared and statements made in connection with the Proposed Settlement shall be without prejudice to any party and shall not be admissible into evidence, and shall not be deemed or construed to be an admission or confession by any party, or any member of the Proposed Settlement, of any fact, matter or proposition of law, and shall not be used in any manner for any purpose.

**DONE** and **ORDERED** in Jacksonville, Florida this 24th day of July, 2019.

BRIAN J. DAVIS
United States District Judge

5
Copies furnished to:

The Honorable James R. Klindt
United States Magistrate Judge

Counsel of Record
Unrepresented Parties