**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

THOMAS COOK and EMANUEL
BERMUDEZ, individually and on
behalf of all others similarly situated,

        Plaintiffs,

v.     Case No. 3:16-cv-673-J-39JRK

PALMER, REIFLER & ASSOCIATES and
WAL-MART STORES, INC.,

        Defendants.

## O R D E R

This action is before the Court on the Motion to Compel Third-Party Straight Talk Wireless to Comply with Subpoena to Produce Documents or to Show Cause for Failure to Comply with Subpoena (Doc. No. 180; "Motion"), filed August 13, 2019. In the Motion, Plaintiff Emanuel Bermudez (hereinafter "Plaintiff") requests that the Court order Straight Talk Wireless a/k/a TracFone Wireless, Inc. ("TracFone") to comply with Plaintiff's subpoena issued pursuant to the terms of the Settlement Agreement (Doc. No. 171-1) between Defendants and Plaintiff. Motion at 1, 10; see id. at Ex. 1-A (Doc. No. 180-2) at 5 (subpoena).[1] Specifically, the subpoena seeks the name, address, and email address of certain TracFone customers. Id. at 2.

---

[1] On July 24, 2019, the Court preliminarily approved the terms of the Settlement Agreement. See Order (Doc. No. 178), entered July 24, 2019 (adopting Report and Recommendation (Doc. No. 177), entered May 17, 2019, as the opinion of the Court). (Plaintiff Thomas Cook was not a party to the Settlement Agreement. Report and Recommendation at 3 n.3.) Pursuant to the Settlement Agreement, "Class Counsel will subpoena Verizon Wireless [and other cellular providers] for contact information . . . for the purpose of providing the best notice practicable to those members of the Settlement Class." Settlement Agreement at 16. The Court found that this proposed method of giving notice is "adequate, reasonable, and meets the requirements of Rule 23(c)(2)(B)," Federal Rules of Civil Procedure ("Rule(s)"). Report and Recommendation at 11.

Plaintiff certifies he sent a copy of the Motion to TracFone via email. Id. at 11. Rule 5 authorizes service by "electronic means [that] the person consented to in writing." Fed. R. Civ. P. 5(b)(2)(E). Plaintiff does not represent that TracFone consented in writing to electronic service. Accordingly, it is

**ORDERED**:

1. The Motion to Compel Third-Party Straight Talk Wireless to Comply with Subpoena to Produce Documents or to Show Cause for Failure to Comply with Subpoena (Doc. No. 180) is **TAKEN UNDER ADVISEMENT**.

2. If Straight Talk Wireless a/k/a TracFone Wireless, Inc. ("TracFone") did not consent in writing to being served via email, Plaintiff Emanuel Bermudez shall mail a copy of the Motion to TracFone no later than **August 19, 2019**.

3. TracFone shall have up to and including **September 5, 2019** to file with the Court and serve on Plaintiff a response to the Motion, failing which the Court will treat the Motion as unopposed.

**DONE AND ORDERED** in Jacksonville, Florida on August 15, 2019.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record