**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

THOMAS COOK and EMANUEL
BERMUDEZ, individually and on
behalf of all others similarly situated,

        Plaintiffs,

v.                                  Case No. 3:16-cv-673-J-39JRK

PALMER, REIFLER & ASSOCIATES and
WAL-MART STORES, INC.,

        Defendants.

## O R D E R

This action is before the Court on Plaintiff Emanuel Bermudez's ("Plaintiff('s)") Motion to Compel Third-Party Straight Talk Wireless to Comply with Subpoena to Produce Documents or to Show Cause for Failure to Comply with Subpoena (Doc. No. 180; "Motion"), filed August 13, 2019. Straight Talk Wireless a/k/a TracFone Wireless, Inc. ("TracFone") opposes the Motion. See Non-Party TracFone's Response to Plaintiff Cook and Bermudez's Motion to Compel Response to Subpoena (Doc. No. 188; "Response"), filed September 11, 2019. With leave of Court, Plaintiff filed a Reply in Support of Motion to Compel Third-Party Straight Talk Wireless to Comply with Subpoena to Produce Documents or to Show Cause for Failure to Comply with Subpoena (Doc. No. 191; "Reply"). See Unopposed Motion for Leave to File Reply to TracFone's Response to Plaintiff's Motion to Compel Third-Party Straight Talk Wireless to Comply with Subpoena to Produce Documents or to Show Cause for Failure to Comply with Subpoena (Doc. No. 189), filed September 16, 2019; Order (Doc. No. 190), filed September 17, 2019. With leave of Court, TracFone filed under seal two exhibits to its Response on October 11,

2019. See Non-Party TracFone's Unopposed Motion to File Certain Documents Under Seal (Doc. No. 192), filed October 1, 2019; Order (Doc. No. 193), entered October 2, 2019; Exhibit A (Doc. No. S-194); Exhibit B (Doc. No. S-194-1). The Motion is now ripe for review.

In the Motion, Plaintiff requests that the Court order TracFone to comply with Plaintiff's subpoena ("Subpoena") issued pursuant to the terms of the Settlement Agreement (Doc. No. 171-1) between Defendants and Plaintiff. Motion at 1, 10; see id. at Ex. 1-A (Doc. No. 180-2) at 5 (Subpoena).[1] Specifically, the Subpoena seeks the name, address, and email address of certain TracFone customers. Id. at 2. Plaintiff offered to pay TracFone $500.00 for its work in responding to the Subpoena, see Response at 1; Reply at 6, but TracFone argues it is entitled to $3,000.00, see, e.g., Response at 1, 3.

Plaintiff argues TracFone should be compelled to comply with the Subpoena "without charge because (1) TracFone's demand far exceeds the norm for compliance, including by carriers in [Telephone Consumer Protection Act] class cases; and (2) TracFone failed to raise any objection to the [S]ubpoena, waiving its right to do so." Motion at 1.

Responding, TracFone contends that to respond to the Subpoena, "TracFone's Subpoena Compliance department had to work with several different departments at the company to develop a methodology to identify and retrieve the requested information."

---

[1] On July 24, 2019, the Court preliminarily approved the terms of the Settlement Agreement. See Order (Doc. No. 178), entered July 24, 2019 (adopting Report and Recommendation (Doc. No. 177), entered May 17, 2019, as the opinion of the Court). (Plaintiff Thomas Cook was not a party to the Settlement Agreement. Report and Recommendation at 3 n.3.) Pursuant to the Settlement Agreement, "Class Counsel will subpoena Verizon Wireless [and other cellular providers] for contact information . . . for the purpose of providing the best notice practicable to those members of the Settlement Class." Settlement Agreement at 16. The Court found that this proposed method of giving notice is "adequate, reasonable, and meets the requirements of Rule 23(c)(2)(B)," Federal Rules of Civil Procedure ("Rule(s)"). Report and Recommendation at 11.

Response at 6 (citation omitted). This process, according to TracFone, "collectively took eight TracFone employees from four different TracFone departments approximately 45 hours of work time to complete." Id. (citation omitted). TracFone asserts that its business model is different than other cellphone companies "[b]ecause customers are not required to provide their name, address, email, or any other contact information when activating a TracFone account, [so] TracFone does not maintain a comprehensive database of its customers." Id. at 7 (citation omitted). As to Plaintiff's second argument, TracFone asserts that "TracFone's request for reasonable expenses in advance of providing a response [to the Subpoena] is indeed a sufficient objection under [Rule 45, Federal Rules of Civil Procedure ('Rule(s)')]." Id. at 4.

Pursuant to Rule 45, a non-party served with a subpoena must serve on the issuing party or attorney a written objection "before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B). "If an objection is made," the serving party may file a motion to compel production, and if the court orders production, "the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Id.

Failure to serve timely written objections to a subpoena "typically waives any objections the party may have." Universal City Dev. Partners, Ltd. v. Ride & Show Eng'g, Inc., 230 F.R.D. 688, 697 (M.D. Fla. 2005) (citation omitted). "However, in unusual circumstances and for good cause, the failure to act timely may not bar consideration of objections." In re Accutane Prod. Liab. Litig., No. 8:04-md-2523-T-30TBM, 2006 WL 1281598, at *1 (M.D. Fla. May 9, 2006) (citation omitted); see also, e.g., Fla. Van Rentals, Inc. v. Auto Mobility Sales, Inc., No. 8:13-cv-1732-T-36EAJ, 2014 WL 12629761, at *1

(M.D. Fla. Nov. 14, 2014); Am. Standard Inc. v. Humphrey, No. 3:06-cv-893-J-32MCR, 2007 WL 1812506, at *4 (M.D. Fla. June 22, 2007). Unusual circumstances have been found where "(1) the subpoena is overbroad on its face and exceeded the bounds of fair discovery, (2) the subpoenaed witness is a non-party acting in good faith, and (3) counsel for the witness and counsel for the subpoenaing party were in contact concerning the witness' compliance prior to the time the witness challenged the legal basis for the subpoena." In re Accutane, 2006 WL 1281598, at *1 n.4 (citation omitted).

Here, TracFone received the Subpoena on February 19, 2019. Response at 5; Reply at 2. On February 25, 2019, TracFone's Subpoena Compliance Supervisor, Soraya Decade, contacted Plaintiff's counsel via email asking to speak about the Subpoena. See Motion at Ex. 1-D (Doc. No. 180-5) at 7. The next day, Plaintiff's counsel responded via email and apparently, she and Ms. Decade spoke on the phone that afternoon. See id. at Ex. 1-D (Doc. No. 180-5) at 6. On March 6, 2019 (two days after the fourteen-day period for objections), Ms. Decade sent Plaintiff's counsel a proposal "per [their] last conversation." Id. at Ex. 1-D (Doc. No. 180-5) at 5. The proposal showed a charge of $25.00 per subscriber, which would total $56,125.00. Id. at 3, Ex. 1 (Doc. No. 180-1) at 1 ¶ 7, Ex. 1-C (Doc. No. 180-4). Ms. Decade indicated that the search of each account would have to be done manually. Id. at Ex. 1-D (Doc. No. 180-5) at 4.

After further conferral, TracFone reduced its request to $3,000.00 for the twelve hours it estimated the work required to respond to the Subpoena would take. Response at 10, Ex. A (Doc. No. 188-1) at 6 ¶ 23; Motion at Ex. 1-D (Doc. No. 180-5) at 4. In the end, however, TracFone spent forty-five hours compiling the information needed to respond to the Subpoena. Response at 10, Ex. 1 (Doc. No. 188-1) at 6 ¶ 24.

Based on the above, it appears that TracFone initially raised issues regarding compensation for responding to the Subpoena within the fourteen-day period, albeit not in writing. To the extent the proposal sent on March 6, 2019 was an objection, it was untimely. TracFone's failure to timely serve a written objection, however, does not warrant waiver of its objection for the reasons set out below.

First, the undersigned finds that TracFone is a non-party that is not acting in bad faith in refusing to provide the requested information. Second, Ms. Decade (although not TracFone's counsel) was in contact with Plaintiff's counsel regarding compliance with the Subpoena just seven days after TracFone received the Subpoena. See Motion at Ex. 1-D (Doc. No. 180-5) at 7. Indeed, Ms. Decade and Plaintiff's counsel were involved in discussions specifically regarding the estimated costs of production. See Response at 10; Motion at Ex. 1-D (Doc. No. 180-5) at 5 (March 6, 2019 email from Ms. Decade indicating, "As per our last conversation, see the attached proposal"), 4 (March 11, 2019 email from Plaintiff's counsel stating, "As I'[ve] indicated during our discussions, we find it hard to understand how this is a manual process given the volume of business"). Third, the nature of the objection is such that TracFone was not able to assert the objection until it ascertained how much it would cost to comply with the Subpoena.

Upon review and for the reasons stated in the Response, see Response at 6-10, the undersigned finds that the requested costs are reasonable. The Motion is due to be granted, and to protect TracFone from significant expense resulting from compliance with the Subpoena, Plaintiff shall pay TracFone $3,000.00 upon TracFone's production of the subpoenaed information.

Based on the foregoing, it is

**ORDERED**:

1. The Motion to Compel Third-Party Straight Talk Wireless to Comply with Subpoena to Produce Documents or to Show Cause for Failure to Comply with Subpoena (Doc. No. 180) is **GRANTED in part** and **DENIED in part**.

2. The Motion is **GRANTED** to the extent that Straight Talk Wireless a/k/a TracFone Wireless, Inc. ("TracFone") shall produce the records requested in the subpoena issued by Plaintiff Emanuel Bermudez, no later than **November 15, 2019**.

3. The Motion is **DENIED** to the extent Plaintiff requests that TracFone be compelled to comply with the Subpoena without charge.

4. Upon TracFone's production of the subpoenaed information, Plaintiff shall pay TracFone $3,000.00 for its work in complying with the Subpoena.

**DONE AND ORDERED** in Jacksonville, Florida on November 4, 2019.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record