**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA - JACKSONVILLE DIVISION**

| | |
|---|---|
| THOMAS COOK and EMANUEL BERMUDEZ, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>   vs.<br><br>PALMER, REIFLER & ASSOCIATES, and WAL-MART STORES, INC.,<br><br>            Defendants. | Civil Action No.  3:16-cv-673-BJD-JRK<br><br>Judge:  Hon. Brian J. Davis<br><br>Magistrate Judge: Hon. James R. Klindt |

# MOTION FOR SERVICE AWARD AND FOR
# AN AWARD OF ATTORNEYS' FEES AND EXPENSES

# TABLE OF CONTENTS

I.      INTRODUCTION AND SUMMARY OF THE LITIGATION, MEDIATION AND
SETTLEMENT.........................................................................................................1

A.   TCPA ...............................................................................................................2

B. THE LITIGATION..............................................................................................4

C. DISCOVERY .....................................................................................................5

D. THE MEDIATIONS ...........................................................................................5

II.     THE PROPOSED FEE AND EXPENSE AWARD ARE REASONABLE .....................6

   A.       The Fee Amount Is Reasonable as a Percentage of the Total Settlement .............7

   B.       The Proposed Fee Award Is Also Reasonable Under Johnson/Camden I ..............9

      1.      The Case Involved Difficult Issues; the Risk of Nonpayment and Not
              Prevailing on the Claims Was High.....................................................................9

      2.      Class Counsel Achieved an Excellent Result for the Class. .................................12

      3.      The Time and Labor Required, Preclusion from Other Employment and the
              Time Limits Imposed Justify the Cost and Fee Amount......................................14

      4.      The Requested Fee is Consistent with Other Consumer Class Settlements..........15

      5.      This Case Required a High Level of Skill. ........................................................16

   C.       The Expenses Incurred Are Reasonable and Should Be Approved.....................16

III.    THE PROPOSED SERVICE AWARD IS PROPER......................................................17

IV.     CONCLUSION ..........................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

Cases

*Adams v. AllianceOne Receivables Mgmt. Inc.*

    No. 08-cv-00248 (S.D. Cal. Sept. 28, 2012)..........................................................................13

*Aliano v. Joe Caputo & Sons - Algonquin, Inc.*

    No. 09 C 910, 2011 U.S. Dist. LEXIS 48323 (N.D. Ill. May 5, 2011)...................................10

*Allapattah Servs., Inc. v. Exxon Corp.*, 454 F.Supp.2d 1185 (S.D. Fla. 2006) ............................12

*Atkinson v. Wal-Mart Stores, Inc.*

    2011 U.S. Dist. LEXIS 150274 (M.D. Fla. Dec. 29, 2011) ....................................................15

*Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980) ..........................................................................6

*Boeing Co. v. Van Gemert*, 444 U.S. 472, (1980) .........................................................................7

*Cabot E. Broward 2 LLC v. Cabot*, 2018 U.S. Dist. LEXIS 192706 (S.D. Fla. Nov. 9, 2018) ........8, 17

*Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, (11th Cir. 1991)........................................7, 8, 9

*Compare Reyes v. BCA Fin. Servs.*

    2018 U.S. Dist. LEXIS 106449 (S.D. Fla. June 26, 2018).......................................................10

*Cooper v. NelNet, Inc.*, 14-cv-314 (M.D. Fla. Aug. 4, 2015)...................................................7, 17

*Dear v. Q Club Hotel, LLC*, 2018 U.S. Dist. LEXIS 42787 (S.D. Fla. Mar. 14, 2018) .........15, 17

*Encarnacion v. J.W. Lee, Inc.*, 2015 U.S. Dist. LEXIS 144858 (S.D. Fla. Oct. 22, 2015)..............8

*Flaum v. Buth-Na-Bodhaige, Inc.*, 15-cv-62695 (S.D. Fla.) ........................................................11

*Guarisma v. Microsoft Corp.*, 15-cv-24326-CMA (S.D. Fla.)................................................8, 15

*Hanley v. Fifth Third Bank*, No. 12-1612 (N.D. Ill.) ....................................................................8

*Hashw v. Dep't Stores Nat'l Bank,* 182 F.Supp.3d 935 (D. Minn. 2016)....................................13

*In re Capital One TCPA Litigation*, 12-cv-10064 (MDL No. 2416) (N.D. Ill. Feb. 12, 2015) ....13

*In re Enhanced Recovery Co.*, 13-md-2398-RBD-GJK (M.D. Fla. July 29, 2014) ....................13

*James v. JPMorgan Chase Bank, N.A.*

No. 8:15-CV-2424-T-23JSS, 2017 WL 2472499 (M.D. Fla. June 5, 2017) ............................13

*Johnson v Yahoo!, Inc.*, 2018 U.S. Dist. LEXIS 23564 (N.D. Ill. Feb. 13, 2018) .......................12

*Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974) .................... 9, 14, 15, 16

*Kirchein v. Pet Supermarket, Inc.*, 297 F.Supp.3d 1354 (S.D. Fla. 2018) .....................................12

*Kramer v. Autobytel*

No. 10-cv-02722, 2012 U.S. Dist. LEXIS 185800 (N.D. Cal. Jan. 27, 2012) ..........................13

*Legg v. Laboratory Corporation of America Holdings*

No. 14-cv-61543-RLR (S.D. Fla. Feb. 18, 2016) ......................................................................8

*Lindy Bros. Builders, Inc. v. Am. Radiator & Standard Sanitary Corp.*

540 F.2d 102 (3d Cir. 1976) .....................................................................................................12

*Malta v. Fed. Home Loan Mortg. Corp.*

No. 10-cv-1290, 2013 U.S. Dist. LEXIS 15731 (S.D. Cal. Feb. 5, 2013) ...............................13

*Markos v. Wells Fargo Bank*, N.A.

No. 1:15-cv-01156-LMM, 2017 U.S. Dist. LEXIS 17546 (N.D. Ga. Jan. 30, 2017)...............13

*Martin v. Dun & Bradstreet, Inc.*, 12-215 (N.D. Ill. Jan. 16, 2014)................................................8

*Martin v. JTH Tax, Inc.*, No. 13-6923 (N.D. Ill. Sept. 16, 2015) ...................................................9

*Mims v. Arrow Fin. Servs., LLC,* 132 S.Ct. 740 (2012) ..................................................................2

*Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012)...................................................................2

*Muransky v. Godiva Chocolatier,Inc.,* 905 F.3d 1200 (11th Cir. 2018)....................... 7, 9, 17, 18

*Palmer v. Sprint Nextel Corp.*, No. 09-cv-01211 (W.D. Wash. Oct. 21, 2011)...........................13

*Phillips Randolph Enters., LLC v. Rice Fields*

No. 06 C 4968, 2007 U.S. Dist. LEXIS 3027 (N.D. Ill. Jan. 11, 2007)...................................10

*Pinto v. Princess Cruise Lines, Ltd.*, 513 F.Supp.2d 1334 (S.D. Fla. 2007)................................11

*Seghroughni v. Advantus Rest., Inc.*

 2015 U.S. Dist. LEXIS 64602 (M.D. Fla. May 13, 2015) .........................................................8

*Sliwa v. Bright House Networks, LLC*

 2019 U.S. Dist. LEXIS 167805 (M.D. Fla. Sep. 27, 2019).......................................................11

*Stalcup v. Schlage Lock Co.*, 505 F.Supp.2d 704, (D. Colo. 2007) ..............................................14

*Steinfeld v. Discover Fin. Svcs.* 12-cv-01118 (N.D. Cal.)..............................................................13

*Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261 (D.C. Cir. 1993)....................................................12

*Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291 (11th Cir.1999) ........................................8

*Wilson v. Badcock Home Furniture*, 329 F.R.D. 454 (M.D. Fla. 2018) ...............................10, 11

*Wojcik v. Buffalo Bills, Inc.*

 Case No. 8:12-cv-02414-SDM-TBM (M.D. Fla. Aug. 25, 2014) ...........................................13

*Wolff v. Cash 4 Titles*, 2012 U.S. Dist. LEXIS 153786 (S.D. Fla. Sept. 26, 2012)............8, 15, 17

*Yates v. Mobile Cnty. Pers. Bd.*, 719 F.2d 1530, (11th Cir. 1983)................................................14

## Statutes

47 U.S.C. § 227(b) ...........................................................................................................................3

I.    **INTRODUCTION AND SUMMARY OF THE LITIGATION,
MEDIATION AND SETTLEMENT**

Plaintiff, Emanuel Bermudez, individually and as representatives of the Class, submit this motion and memorandum in support of the proposed service award and award for attorneys' fee and expense that is part of the nationwide class action settlement ("Settlement") reached between Mr. Bermudez, and Defendants Palmer, Riefler & Associates ("PRA"), and Walmart, Inc.  [ECF No. 171-1].  Plaintiff's claims arise under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

Under the Agreement, Defendants will pay Three Million, Five Hundred Thousand Dollars ($3,500,000.00) into a non-reversionary Settlement Fund. The Settlement Fund will be divided *pro rata* among all Settlement Class Members who submit a timely claim, after payment of the costs of notice and administration and the court-approved attorneys' fee and class representative incentive awards. None of the Settlement Fund will revert to Defendants.

The monetary relief secured on behalf of the Settlement Class is substantial. Each Settlement Class Member who submits a timely claim form will receive a pro rata share of the $3,500,000 Settlement Fund. Plaintiff estimates the pro rata share for each class member who submits a valid claim would equal $1,900 at a five percent claim rate and $957 at a ten percent claim rate.  This compares to a potential statutory damages recovery of $500 per call allowed by TCPA (and up to treble if willful). The monetary relief is even more favorable after considering that if Walmart was not liable for PRA's calls, PRA would not be able to pay a class judgment due to its financial condition.  The class would also obtain nothing if certification was denied.

As provided in the notice to the Class and consistent with Eleventh Circuit law, which determines fee awards from a common fund on a percentage-of-the-fund basis, Class Counsel petitions the Court for a fee award equal to one-third of the Settlement Fund, which is $1,165,500

plus $58,725.94 for reimbursement for the expenses they incurred. The notice informed the class of the exact amount of fees sought both as a percentage and dollar amount.  Specifically it advised the class that the fee sought would be: "An award of attorneys' fees and costs to Class Counsel, in an amount equal to one third of the settlement fund, not to exceed $1,165,500.00 plus expenses, as approved by the Court."  *See Appendix 1*-class notice at ¶ 7.  Similarly, the notice also advised the class, Plaintiff would seek $20,000, as a service award.  *Id.*  This service award is well deserved as Mr. Bermudez substantively participated in this case including communicating with counsel, participating in discovery, being deposed and attending mediation.  In fact, Mr. Bermudez was fired for taking the day off to attend the first mediation in this case.  Finally, Mr. Bermudez turned down substantial individual settlement offers to fight for the class at a time when his co-plaintiff, Mr. Cook accepted an individual settlement offer. To date, no class member has objected to any portion of the attorney fees sought or the service award.

Accordingly, Class Counsel hereby move for a service award of $20,000 and a fee award of one third of the settlement fund, which equals $1,165,500.00 plus $58,725.94 for reimbursement for the expenses counsel incurred in prosecuting the class claims.

A.    TCPA

The "[v]oluminous consumer complaints about abuses of telephone technology . . . prompted Congress to pass the TCPA."  *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370-71 (2012).  Congress found that "automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call," and decided that "banning" such calls made without consent was "the only effective means of protecting consumers from this nuisance and privacy invasion." Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394, 2394-95 (codified at 47 U.S.C. § 227).

Accordingly, the TCPA makes it unlawful to make any call using an ATDS or an artificial

or prerecorded voice to any telephone number assigned to cellular telephone service unless the call is made "for emergency purposes" or with the "prior express consent of the called party." 47 U.S.C. § 227(b)(1)(A)(iii).

The TCPA creates a private right of action for persons affected by violations and provides for statutory damages in the amount of $500 per violation, which the Court may treble if a violation is willful. 47 U.S.C. §227(b)(3).

Pursuant to the TCPA, Plaintiff alleged he received prerecorded robocalls that PRA placed on behalf of Walmart to collect monies allegedly due to Walmart as a result of shoplifting, even though Plaintiff was not the person that Defendants were trying to reach. Plaintiff contends that these prerecorded calls violated the TCPA because they were made to third parties that were designated as wrong numbers or made after a request to stop calling such that there would not be consent for these calls. Defendants vigorously deny these allegations. The proposed Settlement would resolve all claims in this action.[1]

As explained in detail in the following section, this class action was filed on May 31, 2016. ECF No. 1. This Settlement was not reached until after extensive discovery, two rounds of class certification briefing, Walmart's motion for summary judgment, expert discovery and *Daubert* motions relating to those experts and not until two mediations were held, a year apart, with the second mediation occurring in September 2018. Even then, it took several months of negotiations to work out the terms of the class settlement.

---

[1] Capitalized terms in this motion are meant to have the same meaning as in the Settlement Agreement, unless otherwise noted.

### B. THE LITIGATION

This case has taken years and significant litigation to resolve. This class action was filed on May 31, 2016.  ECF 1.  An Amended Complaint filed November 4, 2016 [ECF 22], a Second Amended Complaint filed March 30, 2017 [ECF 43], and a Third Amended Complaint was filed August 30, 2017. ECF 59**.**  After extensive discovery described below, there were two rounds of briefing on Class Certification with Plaintiff's first Class Motion filed October 20, 2017.  ECF 70. Defendants' filed a Joint Response November 13, 2017.  ECF 81. Plaintiff filed a Reply (with leave) on November 21, 2017 ECF 86. Plaintiff's Motion for Class Certification was denied without prejudice January 3, 2018 ECF 95

Plaintiff then filed his Amended Class Motion on February 23, 2018.  ECF 108. Defendants each filed separate Responses on March 9, 2018 [ECFs 115-116], and Plaintiff filed his Reply (with contested leave) on March 23, 2018.  ECF 135. Both sides filed numerous Supplemental Authority.  ECF Nos 149, 153, 156, 157.

The parties also litigated Walmart's Motion for Partial Summary Judgment, filed February 22, 2018.  ECF 104. Plaintiff responded to the Motion for Summary Judgment filed March 15, 2018. ECF 125.  Walmart filed their Reply on April 3 2018 and it then filed Supplemental Authority.  ECF No 139 & 148.

Plaintiff also filed a Motion to Exclude the Expert Report of Kostyun on February 22, 2018 [ECF 105], PRA's Response to the Motion to Exclude was filed March 8 2018 [ECF 113], with Plaintiff's Reply filed March 27, 2018.  ECF 139.

The rulings for the above motions were subsequently stayed pending the second mediation.

On July 24, 2019, this Court granted preliminary approval and set May 28, 2020 as the date of Final Approval Hearing, which is almost exactly four years since this case was first filed.  ECF. 178.

### C. DISCOVERY

The Parties engaged in extensive discovery and conducted numerous conferences relating to such.   Plaintiff served several sets of written Discovery Requests to Defendants that required numerous conferrals and heavy supplementations through contentious negotiations to obtain the necessary information.

This supplementation included substantial call records that Plaintiff obtained from Defendants, as well as third parties.  These call records were then analyzed by the Parties' experts.

There were also numerous depositions that resulted in significant travel.  While Plaintiff's and PRA's depositions were conducted in Florida, Wal-Mart's deposition took place in Arkansas, Plaintiff's expert Mr. Biggertsaff's deposition occurred in South Carolina, Defendants' Experts Mr. Kostyun occurred in Connecticut, and third party witness Genesys in Massachusetts.   *See* Declaration of Keith J. Keogh ("Keogh Decl.") attached as *Appendix 2*, ¶ 15.

Even after Preliminary Approval was granted Plaintiff engaged in discovery where he subpoenaed ten telephone carriers for class contact information on December 19, 2018. *Id*. at ¶ 16. On February 8, 2019, Plaintiff sent a second subpoena to eight of the carriers. *Id*. at ¶ 16. After numerous conferrals with counsel for the carriers, Plaintiff obtained the class contact information. *See* Agreed Motion to Compel Verizon to produce filed August 5 2019 at ECF No. 179; Agreed Motion to Compel New Cingular and Cricket (ATT) filed August 26, 2019 at ECF No. 183; and Agreed motion to compel T-Mobile filed November 27, 2019 at ECF No. 196.

This discovery also resulted in contested discovery motion practice. *See* Motion to Compel Straight Talk filed August 13 2019 at ECF 180; Granted in Part November 4 2019 at ECF 195.

### D. THE MEDIATIONS

The Settlement is the product of substantial and active arms' length negotiations that took

place over years. On September 29, 2017, the Parties unsuccessfully participated in private mediation with mediator Mark A. Buckstein in Southern Florida pursuant to Court order.  ECF No. 53.  Plaintiff lost time off work to travel to Boca Raton for this mediation, which resulted in him losing his job.

Almost a year later on September 20, 2018, the Parties traveled to Texas to participate in a second private mediation with mediator Hesha Abrams pursuant to Court order.  ECF No. 164. As a result of that mediation session, the Parties reached an agreement to settle the Action.

It is worth noting that there is no "clear sailing" agreement in this settlement relating to attorney fees. Instead, after the parties agreed to the class relief, they only agreed that Class Counsel would petition the Court for a service award and an award of attorneys' fees and expenses. ECF No. 171, p.4, ¶E.  Pursuant to the Settlement and the Court's Order granting Preliminary Approval, Plaintiff respectfully submits this motion and memorandum for a service award and an award of attorney fees and expenses.

## II.    THE PROPOSED FEE AND EXPENSE AWARD ARE REASONABLE

Courts have long recognized when counsel's efforts result in the creation of a common fund that benefits class members, counsel has a right to be compensated from that fund for their successful efforts in creating it.  *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("lawyer who recovers a common fund … is entitled to a reasonable attorneys' fee from the fund as a whole").  *Boeing*'s held:

> Their right to share the harvest of the lawsuit upon proof of their identity, whether or not they exercise it, is a benefit in the fund created by the efforts of the class representatives and their counsel. Unless absentees contribute to the payment of attorney's fees incurred on their behalves, they will pay nothing for the creation of the fund and their representatives may bear additional costs. The judgment entered by the District Court and affirmed by the Court of Appeals rectifies this inequity by requiring every member of the class to share attorney's fees to the same extent that he can share the recovery Since the benefits of the class recovery have been "traced with some accuracy" and the costs of recovery have been "shifted with some exactitude to those benefiting.

6

*Id*. at 481.

The Eleventh Circuit has followed *Boeing* and held: "[i]t is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re Checking Acct. Overdraft Litig.*, 830 F.Supp.2d 1330, 1358 (S.D. Fla. 2011) (awarding about $123,000,000.00 in fees in a common fund settlement), citing *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *see also Muransky*, 905 F.3d at 1217.

Here, the reasonableness of the fee award is confirmed by examining it as a percentage of the settlement, as well as under the various factors established for evaluating fee requests in the Eleventh Circuit (the *Johnson/Camden I* factors). *See Muransky v. Godiva Chocolatier,Inc.,* 905 F.3d 1200, 1217 (11th Cir. 2018)("[A]ttorneys' fees awarded from a settlement fund shall be based upon a reasonable percentage of the fund established for the benefit of the class.") opinion vacated and superseded on other grounds, 922F.3d 1175 (11th Cir. 2019), reh'g en banc granted, opinion vacated, 939 F.3d 1278 (11th Cir.2019) (quoting *Camden I,* 946 F.2d at 774); (affirming a third of the common fund as the fee award in a consumer class action).

### A.    The Fee Amount Is Reasonable as a Percentage of the Total Settlement

As explained in the class notice, the Settlement provides for payment of Class Counsel's fee award from the settlement fund on a percentage-of-the-fund basis. This is an appropriate basis for determining the award because, in this circuit, "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Muransky*, 905 F.3d at 1217, quoting *Camden I*, 946 F.2d at 774; *see also see also Cooper v. NelNet, Inc.*, 14-cv-314, ECF No. 85, p.5, ¶11 (M.D. Fla. Aug. 4, 2015) and *Encarnacion v. J.W.*

*Lee, Inc.*, 2015 U.S. Dist. LEXIS 144858 at *14 (S.D. Fla. Oct. 22, 2015) ("using the 'percentage of recovery' method [to determine the attorneys' fee award] … is consistent with the dictates of the Eleventh Circuit."), citing *Camden I*, 946 F.2d at 771 (bracketed text added).

In addition, the requested fee of one-third of the fund easily falls within the range of reasonableness, which can be as high as 50% in this Circuit. *See Seghroughni v. Advantus Rest., Inc.*, 2015 U.S. Dist. LEXIS 64602 at *2 (M.D. Fla. May 13, 2015) ("An attorney's fee ... which is one-third of the settlement fund ... is fair and reasonable…"); *Cabot E. Broward 2 LLC v. Cabot*, 2018 U.S. Dist. LEXIS 192706 at *20 (S.D. Fla. Nov. 9, 2018) (citing "19 cases from this Circuit in which attorneys' fees amounting to 33% or more of a settlement fund were awarded," including settlements of $310 million, $77.5 million, $75 million, $40 million, and $25 million); *see also Waters*, 190 F.3d at 1295-96 (Eleventh Circuit affirmed a 33.33% fee award ($13.33 million) in a $40 million settlement that, unlike here, required unclaimed funds to be paid back to the defendant); *Wolff v. Cash 4 Titles*, 2012 U.S. Dist. LEXIS 153786 at *13 (S.D. Fla. Sept. 26, 2012) ("One-third of the recovery is considered standard in a contingency fee agreement."); and *see Camden I*, 946 F.2d at 774-775 ("an upper limit of 50% of the fund may be stated as a general rule, although even larger percentages have been awarded.").

Indeed, a one-third percentage award was approved in multiple recent consumer class actions in this Circuit as well as affirmed by the Eleventh Circuit in *Muransky*. *See* Muransky, supra; *Guarisma v. Microsoft Corp.*, 15-cv-24326-CMA, ECF No. 79, pp.7-8, ¶g.-¶j., and ¶14 (S.D. Fla. Oct. 27, 2017); *Legg v. Laboratory Corporation of America Holdings*, No. 14-cv-61543-RLR, ECF No. 227, p.7 (S.D. Fla. Feb. 18, 2016); *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-JIC, ECF No. 151, ¶15 (S.D. Fla. Aug. 2, 2016).  It is also commonly awarded in TCPA class actions.  *See Martin v. Dun & Bradstreet, Inc.*, 12-215 (N.D. Ill. Jan. 16, 2014) (Dkt. No. 63) (one-third of total payout); *Hanley v. Fifth Third Bank*, No. 12-1612 (N.D. Ill.) (Dkt. No. 87) (Awarding

attorneys' fees of one-third of total settlement fund); *In re Capital One*, 80 F. Supp. 3d 781 (N.D. Ill. 2015) (36% of the first $10 million of the settlement) (Holderman, J.); *Martin v. JTH Tax, Inc.*, No. 13-6923 (N.D. Ill. Sept. 16, 2015) (Shah, J.) (38% of total fund); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 501 (N.D. Ill. 2015) (Kennelly, J.)(36% of the fund net admin costs).

In short, Plaintiff's fee request as a percentage is reasonable and well within the range the Eleventh Circuit has allowed.

### B.     The Proposed Fee Award Is Also Reasonable Under Johnson/Camden I

In cases in which the fees sought exceed 25% of the fund, the Eleventh Circuit endorses using the factors articulated *Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of the award. *See Muransky*, 905 F.3d at 1217; *see also Camden I*, 946 F.2d at 775. The *Johnson/Camden I* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent; (7) time limitations imposed by the circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Camden I*, 946 F.2d at 772, n.3. These factors confirm the reasonableness of the proposed fee award here.

### 1.     The Case Involved Difficult Issues; the Risk of Nonpayment and Not Prevailing on the Claims Was High.

The second, sixth, and tenth *Johnson/Camden I* factors—the novelty and difficulty of the issues, whether the fee is contingent, and the "undesirability" of the case, respectively—are interrelated and support the proposed award.

This case is novel and difficult on several levels. First, it is an open issue as to whether the Court would certify the class.  This is not an empty risk as several courts in this district have denied

class certification in similar TCPA cases involving calls to the wrong party. *Compare Reyes v. BCA Fin. Servs.*, 2018 U.S. Dist. LEXIS 106449 (S.D. Fla. June 26, 2018)(granting class certification in wrong number class) with *Sliwa v. Bright House Networks, LLC*, 2019 U.S. Dist. LEXIS 167805 (M.D. Fla. Sep. 27, 2019) (Denying certification for TCPA wrong number class) and *Wilson v. Badcock Home Furniture*, 329 F.R.D. 454 (M.D. Fla. 2018)(Same).

In addition, there was a possibility that the Court would grant Walmart's motion for summary judgment or the fact finder concludes that Walmart is not liable for calls made by PRA.

And assuming Plaintiff prevailed on certification and the merits, the resulting damage award itself presents a novel issue. Some courts view awards of aggregate, statutory damages with skepticism and consider reducing such awards—even after a plaintiff has prevailed on the merits— on due process grounds. *See, e.g., Aliano v. Joe Caputo & Sons - Algonquin, Inc.,* 2011 U.S. Dist. LEXIS 48323 at *13 (N.D. Ill. May 5, 2011) ("Such an award, although authorized by statute, would be shocking, grossly excessive, and punitive in nature.") *but see Phillips Randolph Enters., LLC v. Rice Fields*, No. 06 C 4968, 2007 U.S. Dist. LEXIS 3027, *7-8 (N.D. Ill. Jan. 11, 2007) ("Contrary to [Defendants'] implicit position, the Due Process clause of the 5th Amendment does not impose upon Congress an obligation to make illegal behavior affordable, particularly for multiple violations.").

In addition to these myriad challenges, the ability to recover fees and expenses here has always been contingent on a successful outcome. Class Counsel had to advance the fees and expenses, and risked receiving nothing in return. This is important because:

> A determination of a fair fee for Class Counsel must include consideration of the contingent nature of the fee, the wholly contingent outlay of out-of-pocket sums by Class Counsel, and the fact that the risks of failure and nonpayment in a class action are extremely high.

*Pinto v. Princess Cruise Lines, Ltd.*, 513 F.Supp.2d 1334, 1339 (S.D. Fla. 2007). Indeed, "[a] contingency fee arrangement often justifies an increase in the award of attorney's fees." *In re Checking Acc't Overdraft Litig.*, 830 F.Supp.2d at 1364, *quoting In re Sunbeam Sec. Litig.*, 176 F.Supp.2d 1323, 1335 (S.D. Fla. 2001). The risk was enhanced here by the fact that Class Counsel were up against a well-heeled defendant with sophisticated class action defense counsel, and the difficulty of proving willfulness. Accordingly, "[c]ases recognize that attorneys' risk is ''perhaps the foremost' factor' in determining an appropriate fee award." *Pinto,* 513 F.Supp.2d at 1339 (collecting cases).

The case's novelty, difficulty and contingent nature also demonstrate its undesirability. Like this case, prior TCPA class actions required substantial litigation activity where class certification has been denied in this District. *See Sliwa v. Bright House Networks, LLC*, 2019 U.S. Dist. LEXIS 167805 (M.D. Fla. Sep. 27, 2019) (Denying certification for TCPA wrong number class) and *Wilson v. Badcock Home Furniture*, 329 F.R.D. 454 (M.D. Fla. 2018)(Same).

Few lawyers will take a case that consumes significant attorney time, involves uncertain questions, and requires them to potentially advance substantial amounts of time and out-of-pocket expenses and risk getting nothing, especially given the inherent possibility of failing to certify the class, the risk of losing on summary judgment or at trial, and the risk of losing any victory on appeal, provided little incentive to take these cases.

Finally, although Class Counsel achieved a great result for the class, that was anything but certain when they took the case, as evidenced by the varying opinions on the TCPA. Further, Class Counsel has had success in some TCPA and consumer class actions, but stood to recover zero or nominal amounts in others. *E.g.*, *Wilson supra* and *Sliwa supra* as well as *Flaum v. Buth-Na-Bodhaige, Inc.*, 15-cv-62695, ECF No. 67 (S.D. Fla.) (although it was the first-filed case, the class claims were settled with gift cards in a later-filed, competing class action after a mediation in the

11

first action); *Kirchein v. Pet Supermarket, Inc.*, 297 F.Supp.3d 1354, 1355-56 (S.D. Fla. 2018) (defendant successfully moved to dismiss case for lack of standing *after* agreeing to settlement and after settlement granted preliminary approval).[2] There is certainly no guarantee of success at the class certification stage, on the merits if the case is litigated, or on any appeal that may follow. Accordingly, this factor also weighs in favor of approving the proposed fee award. *See In re Checking Account Overdraft Litig.*, 830 F.Supp.2d at 1364 .

### 2.   Class Counsel Achieved an Excellent Result for the Class.

The eighth *Johnson/Camden I* factor looks to the amount involved in the litigation "with particular emphasis on the 'monetary results achieved' in the case" by class counsel.  *Allapattah Servs., Inc. v. Exxon Corp.*, 454 F.Supp.2d 1185, 1202 (S.D. Fla. 2006); *see also Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1269 (D.C. Cir. 1993) ("In common fund cases … the monetary amount of the victory is often the true measure of success…").

Here, the parties' mediated agreement provides each Settlement Class Member who submits a timely claim form will receive a pro rata share of the $3,500,000 Settlement Fund. Plaintiff estimates the pro rata share for each class member who submits a valid claim would equal $1,900 at a five percent claim rate and $957 at a ten percent claim rate.  This compares to a potential statutory damages recovery of $500 per call allowed by TCPA (and up to $1500 if willful).

---

[2] Class actions are inherently risky. For example in another recent case Class Counsel is involved in, the class was decertified two years after certification and after notice had been sent to the Class, which resulted in Class Counsel incurring hundreds of thousands of dollars in notice costs, plus the additional cost to send notice of the decertification. *See Appendix 2* (Declaration of Keith J. Keogh) at ¶14, citing *Johnson v Yahoo!, Inc.*, 2018 U.S. Dist. LEXIS 23564 (N.D. Ill. Feb. 13, 2018) (order decertifying class after notice); *Braver v Northstar*, 17-cv-00383-F (D. Ok 2020)(Co-Defendant filing Bankruptcy after class certification, notice to class and judgment); *See Kinnamon v. Ditech Financial, LLC.*, 16-646 JAR, ECF 211 (E.D. Mo. February 26, 2019) (staying case due to  bankruptcy proceeding where class certification and summary judgment were fully briefed and awaiting ruling).  Subsequently, Ditech filed bankruptcy after years of litigation including expert discovery and after class certification and summary judgment were pending.

Here, the expected amount per class member is significantly more than virtually every TCPA class settlement approved in this Circuit and elsewhere.  *See James v. JPMorgan Chase Bank, N.A.*, No. 8:15-CV-2424-T-23JSS, 2017 WL 2472499, at *2 (M.D. Fla. June 5, 2017) (holding class counsel's result of "$81 per class member who submitted a claim equals or exceeds the typical award in a TCPA class action."); *Markos v. Wells Fargo Bank*, *N.A.*, No. 1:15-cv-01156-LMM, 2017 U.S. Dist. LEXIS 17546, at *11 (N.D. Ga. Jan. 30, 2017) (finding $24 per class member to be "an excellent result"); *Wojcik v. Buffalo Bills, Inc.*, Case No. 8:12-cv-02414-SDM-TBM (M.D. Fla. Aug. 25, 2014) (class claimants to receive $57.50-$75.00 gift card); *In re Enhanced Recovery Co.*, 13-md-2398-RBD-GJK (M.D. Fla. July 29, 2014) at DE 123, p. 1 (only injunctive relief for class) and DE 124 (settlement granted final approval); *Hashw v. Dep't Stores Nat'l Bank,* 182 F.Supp.3d 935, 944 (D. Minn. 2016) (Kyle, J.) (approving a TCPA settlement that yielded $33.20 per claimant); *In re Capital One TCPA Litigation*, 12-cv-10064 (MDL No. 2416) (N.D. Ill. Feb. 12, 2015) (granting final approval where each claimant would be awarded $39.66) (Holderman, J.); *Steinfeld v. Discover Fin. Svcs*. 12-cv-01118 (N.D. Cal.) (Final Approval of $46.98 to each claimant.); *Kramer v. Autobytel*, No. 10-cv-02722, 2012 U.S. Dist. LEXIS 185800 (N.D. Cal. Jan. 27, 2012) (approving $12.2 million settlement to benefit 47 million class members); *Malta v. Fed. Home Loan Mortg. Corp.,* No. 10-cv-1290, 2013 U.S. Dist. LEXIS 15731 (S.D. Cal. Feb. 5, 2013) (preliminarily approving $17.1 million settlement to 5,887,508 class members; final approval granted at Dkt. 91); *Adams v. AllianceOne Receivables Mgmt. Inc.,* No. 08-cv-00248, Dkt. Nos. 116 & 137 (S.D. Cal. Sept. 28, 2012) (approving $9 million settlement to benefit 6,696,743 class members); *Palmer v. Sprint Nextel Corp.*, No. 09-cv-01211, Dkt. Nos. 84 & 91 (W.D. Wash. Oct. 21, 2011) (approving $5.5 million settlement to benefit 18.1 million class members).

Accordingly, this factor weighs strongly in favor of the proposed fee award.

### 3. The Time and Labor Required, Preclusion from Other Employment and the Time Limits Imposed Justify the Cost and Fee Amount.

The first, fourth, and seventh *Johnson/Camden I* factors – the time and labor, preclusion of other employment, and time limitations imposed, respectively – are also interrelated inquires and each support the reasonableness of the request. Class Counsel engaged in litigation against a well-heeled defendant and sophisticated defense counsel. The work spanned four years of litigation and included counsel's pre-suit investigation, preparing the complaint, briefing class certification and summary judgment, conducting significant written and document discovery, engaging and presenting an expert, deposing multiple corporate representatives and Defense experts, engaging in *Daubert* motion practice, moving for class certification, briefing summary judgment twice, preparing for and attending two separate full-day mediations (including the detailed mediation memorandum required by L.R. 16.2(d)(1)(C)), conducting additional extensive negotiations beyond the mediation to reach the actual settlement, securing preliminary approval of the settlement, and executing a campaign involving a eighteen subpoenas to identify the class members. Further, Class Counsel will be communicating with class members well after Final Approval, if granted, as there will be substantial communications regarding payments and accepted claims.   All of this work diverted substantial time and resources from other matters. *See Yates v. Mobile Cnty. Pers. Bd.*, 719 F.2d 1530, 1535 (11th Cir. 1983) (the expenditure of time "necessarily had some adverse impact upon the ability of counsel for plaintiff to accept other work, and this factor should raise the amount of the award.") (rec. of special master); *see also Stalcup v. Schlage Lock Co.*, 505 F.Supp.2d 704, 708 (D. Colo. 2007) (noting that "the *Johnson* court concluded that priority work that delays a lawyer's other work is entitled to a premium.")

Finally, this settlement reflects Class Counsel's experience in handling large TCPA cases. Class Counsel knew the work that achieving a comparable outcome would take based on their

success in prior TCPA case referenced above, what that work would yield, the issues they faced at every stage, the potential recovery to be had, and the chance of achieving it. This experience enabled Class Counsel to convince Defendants not only that Class Counsel were adequate to the task and willing to do what it took to achieve an excellent result, but that they genuinely understood what the case was worth given the law, facts and risks (for both sides). Even then, the case did not settle until after the close of discovery, after Plaintiff filed his second motion for class certification, after the parties briefed summary judgment and after the second mediation over a year after the first mediation.

The above factors also support the proposed award.

### 4.   The Requested Fee is Consistent with Other Consumer Class Settlements.

The fifth and twelfth *Johnson/Camden I* factors, the customary fee and awards in similar cases, also support approval. Plenty of consumer class actions – again, including many consumer cases in this Circuit – granted one-third percentage-of-the-fund awards. *See Muransky supra.* (Affirming one third of the settlement in consumer statutory class action over class member objections.)(Vacated on other grounds); *Atkinson v. Wal-Mart Stores, Inc.*, 2011 U.S. Dist. LEXIS 150274 at *19 (M.D. Fla. Dec. 29, 2011) (approving fee award of one-third of the common fund); *Guarisma*, 15-cv-24326-CMA, ECF No. 79, pp.7-8, ¶g.-¶j., and ¶14; *Lab*, 14-cv-61543-RLR, ECF No. 227, ¶13 (S.D. Fla. Feb. 18, 2016); *Spirit*, 14-cv-61978-JIC, ECF No. 151, ¶14 and ¶15 (S.D. Fla. Aug. 2, 2016); *Choo*, 15-cv-81487-BB, ECF No. 97, p.7, ¶g. and ¶23 (S.D. Fla. May 9, 2017); *Muransky*, 15-cv-60716-WPD, ECF No. 99, ¶12.j. and ¶14 (S.D. Fla. Sept. 28, 2016), *aff'd Muransky*, 905 F.3d at 1206, 1217; and *e.g Wolff*, 2012 U.S. Dist. LEXIS 153786 at *13 ("One-third of the recovery is considered standard…"); *Dear v. Q Club Hotel, LLC*, 2018 U.S. Dist. LEXIS 42787 at *11 (S.D. Fla. Mar. 14, 2018) ("A review of the case law reveals that a 33.3% fee

award is a consistent award in class action common fund cases."). Accordingly, this factor also favors the proposed fee award.

### 5.   This Case Required a High Level of Skill.

The remaining *Johnson/Camden I* factor – the skill required to perform the legal services properly, and the experience, reputation, and ability of the attorneys, all confirm that the fees and expenses sought are reasonable.  As shown, Class Counsel achieved a settlement that confers substantial monetary benefits on class despite litigating against a sophisticated and well-financed defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.,* 176 F.Supp.2d at 1334 ("in assessing the quality of representation, courts have also looked to the quality of the opposition the plaintiffs' attorneys faced.")

This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope and complexity. Class Counsel regularly engage in complex litigation involving consumer issues, and they have been appointed class counsel in numerous cases. *See Appendix 2* (Keogh Decl.) at ¶2-¶3, ¶6, ¶21-¶22, ¶28-¶32; *Appendix 3* (Howard Decl.) at ¶11-¶12;. Thus, the *Johnson/Camden I* factors confirm the proposed attorneys' fee award is reasonable. Pursuant to Fed. R. Civ. P. 23(h), 52(a) and 54(d)(2), it should be approved.

### C.   The Expenses Incurred Are Reasonable and Should Be Approved.

The settlement also permits Class Counsel to seek recovery of expenses incurred on behalf of the Class. This figure totals $59,117.14, largely consisting of expenses related to mediations, experts, depositions, and the year-long subpoena campaign. *See Appendix 2* (Keogh Decl.) at ¶25; *Appendix 3* (Howard Decl.) at ¶13. None are for overhead-type items such as photocopying, research, telephone, meals, etc. Thus, counsel's expenses also should be approved. *See, e.g., Lab.*, 14-cv-61543-RLR, ECF No. 227 at pp.6-7 (S.D. Fla. Feb. 18, 2016) (granting 1/3 percentage fee award, plus expenses); *Spirit*, 14-cv-61978-JIC, ECF No. 151, ¶14(g) and ¶15 (S.D. Fla. Aug. 2,

2016) (same); *Choo*, 15-cv-81487-BB, ECF No. 97, ¶23 (S.D. Fla. May 9, 2017) (same); *Muransky*, 15-cv-60716-WPD, ECF No. 99, ¶13-¶14 (S.D. Fla. Sept. 28, 2016) (same); *Wolff*, 2012 U.S. Dist. LEXIS 153786 at *19 (awarding fees plus $112,157 in expenses); and *Dear*, 2018 U.S. Dist. LEXIS 42787 at *11 (awarding fees plus $304,684 in expenses).

### III.     THE PROPOSED SERVICE AWARD IS PROPER

Service awards or incentive payments are commonly awarded to class representatives for their service to the class in vindicating their rights and enabling them to secure relief on their common claims, as contemplated by Federal Rule 23. *See Muransky*, 905 F.3d at 1218 ("Many circuits have endorsed incentive awards and recognize them as serving the purposes of Rule 23.") (citations omitted)(vacated on other grounds).

Plaintiff respectively requests an award of $20,000 from the fund, which is well within the range of reasonableness. *See Cabot E. Broward 2 LLC*, 2018 U.S. Dist. LEXIS 192706, *23, 28 (approving $50,000 per plaintiff, noting "[t]ogether, the requested awards total $100,000, or 0.1% the amount recovered for the Class, which is well within the range of incentive awards in other cases.") (collecting cases approving incentive awards ranging from $15,000 to $1.76 million); *see also Cooper v. NelNet, Inc.*, 14-cv-314, ECF No. 85, p.5, ¶11 (M.D. Fla. Aug. 4, 2015) (approving a $25,000 incentive awarding TCPA case); *Allen v. JPMorgan Chase Bank, NA*, No. 13-8285 (N.D. Ill. Oct. 21, 2015) (Dkt. 93 at 6) (Approving $25,000 service award in TCPA class settlement); *Desai v. ADT Security Servs., Inc.*, No. 11-1925, DE 243 ¶ 20 (N.D. Ill. Feb. 27, 2013) (awarding $30,000 service awards in TCPA class settlement); and *Muransky*, 905 F.3d at 1219 (affirming $10,000 incentive award in FACTA case that settled months after being filed, where plaintiff was not deposed and did not have to answer written discovery)(Vacated on other grounds).

Plaintiff's proposed award is justified not only for the results achieved for the class, but also his own personal efforts responding to written discovery, being deposed, and attending the

mediation. Dec at ¶ 15.  Once again, Mr. Bermudez was fired for taking the day off to attend the first mediation in this case and he turned down substantial individual settlement offers to fight for the class at a time when his co-plaintiff, Mr. Cook accepted an individual settlement offer. *Id.* Plaintiff more than subjected himself to the "inconvenience and time delays" associated with a class action.  *See Muransky*, 905 F.3d at 1219 (Where Dr. Muransky was not deposed and did not attend the mediation, service award was affirmed where "the District Court observed that Dr. Muransky 'was subjecting himself to inconvenience and time delays that didn't materialize as much as they might have, but they still were a possibility when he signed on as the class representative.'")(Vacated on other grounds).

Once again, the notice expressly advised the class of the exact amount Plaintiff would seek and to date, no class member has objected.  This is not surprising, as the $20,000 will not have a material impact on class members' pro rata share.  Thus, the proposed awards should be approved.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court award him $20,000 as a service award and award class counsel attorney fees of $1,165,500.00, which is one third of the all cash common fund, plus $58,725.94 for reimbursement for the expenses class counsel incurred in prosecuting the class claims.

Respectfully Submitted,

/s/ Keith J. Keogh
Keith J. Keogh (FBN:0126335)
Keogh Law, LTD.
55 W. Monroe St., Ste. 3390
Chicago, Il 60603
312.726.1092 (Main)
Keith@KeoghLaw.com

William P. Howard, Esq. (FBN: 0103330)
Amanda J. Allen (FBN 098288)
THE CONSUMER PROTECTION FIRM, PLLC
4030 Henderson Blvd.
Tampa, Florida 33629
Telephone: (813) 500-1500
Billy@TheConsumerProtectionFirm.com
Amanda@TheConsumerProtectionFirm.com

Attorneys for Plaintiff, Emanuel Bermudez

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 12, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this date, in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: */s/ Keith J. Keogh*
**Keith J. Keogh, Esq**