# APPENDIX 1

## SETTLEMENT AGREEMENT AND RELEASE

### I.    PREAMBLE

1.      This Settlement Agreement is made and entered into as of the dates of Execution set forth below, by and among (1) Plaintiff Emanuel Bermudez, individually and on behalf of the Settlement Class, (2) Settlement Class Members, (3) Palmer, Riefler & Associates, and (4) Walmart, Inc.

### II.    DEFINITIONS

1.      "*Action*" means the pending action styled *Thomas Cook and Emanuel Bermudez, individually and on behalf of all others similarly situated v. Palmer, Reifler & Associates, and Wal-Mart Stores, Inc.*, United States District Court for the Middle District of Florida, Case No. 3:16-cv-00673-BJD-JRK.

2.      "*Agreement*" means this Settlement Agreement and Release.

3.      "*Approved Claims*" means claims that have been timely submitted by class members to the Claims Administrator and approved for payment.

4.      "*Attorneys' Fees and Litigation Expenses*" means the attorneys' fees and litigation expenses to be requested by Class Counsel subject to Court approval in accordance with this Agreement.

5.      "*CAFA Notice*" refers to the notice requirements imposed by 28 U.S.C. § 1715(b).

6.      "*Claim*" or "*Claim Form*" means the claim form to be submitted by Settlement Class Members in order to receive a Settlement Award pursuant to this Agreement, subject to approval by the Court, substantially in the form attached hereto as <u>Exhibit 1</u>.

7.      "*Claimant*" means any Settlement Class Member who submits a Claim.

8.      "*Claims Administrator*" means American Legal Services Inc., subject to approval by the Court.  The Claims Administrator shall be responsible for providing the class Notice as well as services related to administration of the Settlement.

9.      "*Claim Filing Deadline*" means the period of time in which a Settlement Class Member must submit a Claim Form to be eligible to receive a Settlement Award as part of the Settlement. The last day of the Claim Filing Deadline will be sixty (60) days following the Notice Deadline.

10.     "*Class Counsel*" means Keogh Law, Ltd. and The Consumer Protection Firm.

11.     "*Class Period*" means the period from May 26, 2012 through the date of class certification.

12.     "*Court*" means the United States District Court for the Middle District of Florida, Jacksonville Division.

13.     "***Defendants***" means collectively Palmer Recovery Attorneys f/k/a Palmer, Riefler & Associates and Walmart, Inc.

14.     "***Execution***" means the signing of this Agreement by all signatories hereto.

15.     "***Final Approval Hearing***" means the hearing during which the Court considers the Parties' request to enter the Final Approval Order granting final approval of the Settlement and to determine the amount of Attorneys' Fees and Litigation Expenses awarded to Class Counsel and the amount of the Settlement Class Representative Incentive Payment.

16.     "***Final Approval Order***" means the final judgment and order of dismissal approving the Settlement and dismissing the Action with prejudice, substantially in the form of the proposed Final Approval Order attached hereto as <u>Exhibit 2</u>, which this Settlement contemplates will be entered and approved by the Court.  The Parties shall also submit a Fed. R. Civ. Proc. 58 judgment attached hereto as <u>Exhibit 2a</u>.  "Final Approval" occurs on the date that the Court enters the Final Approval Order.

17.     "***Notice***" means the notices of proposed class action settlement that the Parties will ask the Court to approve in connection with the motion for Preliminary Approval of the Settlement, substantially in the form attached hereto as <u>Exhibit 3</u>.

18.     "***Notice and Administration Costs***" means any and all costs associated with Claims administration and administering the Settlement, including but not limited to mailing costs, printing costs, taxes and tax-related expenses incurred by or in connection with the creation of the Settlement Fund, all costs of providing notice to persons in the Settlement Class (including, but not limited to, costs for obtaining contact information for the members of the Settlement Class via subpoena or otherwise), costs for Notice, Website Notice, internet publication, and any different or additional notice that might be ordered by the Court, the cost of maintaining a designated post office box and/or operating the Settlement Website for receiving Claim Forms, and any other costs associated with administering the Settlement.

19.     "***Notice Deadline***" means the date the Court sets for Notice to be provided to the Settlement Class in accordance with the Agreement.  The Parties agree that the Notice Deadline shall be 120 days following the entry of the Preliminary Approval Order, unless extended by the Court.

20.     "***Opt-Out Request***" means a request by a Settlement Class Member to exclude himself or herself from the Settlement Class using the procedures set forth in this Agreement.

21.     "***Opt-Out Period***" means the period that begins the day after the earliest date on which the Notice is first sent, and that ends no later than 30 days prior to the Final Approval Hearing. The deadline for the Opt-Out Period will be specified in the Notice.

22.     "***Parties***" means Plaintiff, PRA, and Walmart.

23.     "***Plaintiff***" means Emanuel Bermudez.

24.    "**PRA**" means Palmer Recovery Attorneys f/k/a Palmer, Riefler, & Associates, as well as any parent, subsidiary, or affiliate of PRA, and the officers, directors, agents, servants, representatives or employees of PRA.

25.    "**PRA WN/DNC List**" means the list of approximately 31,748 unique cellular telephone who had a wrong number notation or DNC notation as described above.

26.    "**Preliminary Approval Order**" means, without material change, an order preliminarily approving the Settlement in the form substantially in the form of Exhibit 4. "Preliminary Approval" occurs on the date that the Court enters the Preliminary Approval Order.

27.    "**QSF**" means the Qualified Settlement Fund to be set up in accordance with this Agreement.

28.    "**Release**" means all of the releases contained in this Agreement.

29.    "**Released Claims**" means all claims to be released as set forth in the Release.

30.    "**Released Parties**" means and refers to the Defendants Palmer Recovery Attorneys f/k/a Palmer Reifler & Associates, Walmart Inc., and their subsidiaries, parent companies, agents, vendors, predecessors in interest and/or ownership, successors in interest and/or ownership, partners, licensees, assignees, insurers, including claims under any and all insurance policies, and estates, and each of the foregoing's respective past, present, and future officers, directors, attorneys, shareholders, indemnitees, predecessors, successors, trusts, trustees, partners, associates, principals, divisions, employees, insurers, any and all insurance policies, members, agents, representatives, brokers, consultants, heirs, and assigns.

31.    "**Releasing Settlement Class Members**" means Plaintiff and all Settlement Class Members, other than those who submit timely and proper Out-Out Requests, and each of their respective executors, representatives, heirs, spouse, partners, predecessors, assigns, beneficiaries, successors, bankruptcy trustees, agents, attorneys, and all those who claim through them or on their behalf, and, if relevant, any co-signer, co-buyer or co-borrower or guarantors.

32.    "**Settlement**" means the compromise and settlement of the Action as contemplated by this Agreement.

33.    "**Settlement Award**" means a cash payment that may be available to eligible Settlement Class Members who submit an Approved Claim pursuant to this Agreement.

34.    "**Settlement Class**" means the individuals defined and identified as follows:

A. Wrong-Number Class: (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number, such as where PRA listed that number on its Wrong Number List.

B.  Call after Wrong-Number Notation Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number after it was already informed it had the wrong number, such as where the number was previously added to PRA's Wrong-Number List.

C.  DNC Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called after receiving a do not call request, such as where the number was previously added to PRA's Do Not Call List.

These individuals include, but are not limited to, those associated with the 31,748 unique cellular telephone who had a wrong number notation or Do-Not-Call notation as defined above.

The following are excluded from the Settlement Class: (1) the trial judge presiding over this case; (2) PRA, as well as any parent, subsidiary, or affiliate of PRA, and the officers, directors, agents, servants, or employees of PRA; (3) Walmart, as well as any parent, subsidiary, or affiliate of Walmart, and the officers, directors, agents, servants, or employees of Walmart; (4) any of the Released Parties; (5) the immediate families of any such person(s); (6) any Settlement Class Member who has timely opted out of this proceeding; and (7) Plaintiff's Counsel, their employees, and their immediate family.

35.    "*Settlement Class Members*" means the Settlement Class Representative and all members of the Settlement Class.

36.    "*Settlement Class Representative*" means Emanuel Bermudez, who is the Plaintiff in the Action, and who is also the person who Class Counsel shall request to be appointed by the Court as Class Representative for purposes of the Settlement Class.  Plaintiff is also a member of the Settlement Class.

37.    "*Settlement Class Representative Incentive Payment*" means the amounts Class Counsel shall request be paid to the Settlement Class Representative in accordance with this Agreement.

38.    "*Settlement Effective Date*" means the fifth (5th) business day following the last of the following occurrences:

A.  The date the time to appeal or seek permission to appeal or seek other judicial review of the entry of the Final Approval Order has expired with no appeal or other judicial review having been taken or sought; or

B.  If an appeal or other judicial review has been taken or sought, the latest of: (i) the date the Final Approval Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review therefrom; or (ii) the date the appeal(s) or other judicial review therefrom are finally dismissed with no possibility of subsequent appeal or other judicial review; or (iii) if remanded to the District Court or to a lower appellate court following an appeal or other review, the date the Final Approval Order is

entered by the District Court after remand and the time to appeal or seek permission to appeal or seek other judicial review of the entry of that Final Approval Order has expired with no further appeal or other judicial review having been taken or sought.  If further appeal is sought after a remand, the time periods in this Sub-Section shall apply.

C.   The provisions and deadlines set forth in this Section apply even if there are no objections to the Settlement.

39.   "*Settlement Costs*" means all costs incurred by Plaintiff, the Settlement Class, Class Counsel, and the Claims Administrator in connection with the Action, including but not limited to (i) any Attorneys' Fees and Litigation Expenses approved by the Court; (ii) any Settlement Class Representative Incentive Payment approved by the Court; (iii) Notice and Administration Costs; and (iv) the fees, expenses, and all other costs of the Claims Administrator.

40.   "*Settlement Fund*" means the $3,500,000 cash fund to be established pursuant to this Agreement.

41.   "*Settlement Website*" means the website created and managed by the Claims Administrator which will provide Settlement Class Members with access to the Notice, the online Claim Form, and other information regarding the Settlement.

42.   "*TCPA*" means the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*., and any regulations promulgated under it.

43.   "*Walmart*" means Walmart Inc., as well as any parent, subsidiary, or affiliate of Walmart, and the officers, directors, agents, servants, or employees of Walmart.

44.   **"*Website Notice*"** means the website notice provided pursuant to this Agreement, substantially in the form attached hereto as Exhibit 4.  The Website Notice will be posted on the "Settlement Website."

45.   Capitalized terms used in this Agreement but not defined above shall have the meaning ascribed to them in this Agreement, including the attached exhibits.

## III.   RECITALS

1.   Plaintiff filed the Action on behalf of himself and on behalf of the putative class alleging that PRA and Walmart violated the TCPA by calling him on his cell phone without prior express consent.

2.   PRA and Walmart deny all of Plaintiff's allegations and further deny that the claims alleged are amenable to class-wide treatment.

3.   On September 29, 2017, the Parties unsuccessfully participated in private mediation with mediator Mark A. Buckstein pursuant to Court order.  ECF No. 53.  The Parties were not able to resolve the entire Action at the first mediation.

4.      On September 20, 2018, the Parties participated in a second private mediation with mediator Hesha Abrams pursuant to Court order.  ECF No. 164.  As a result of that mediation session, the Parties reached an agreement to settle the Action as set forth in this Agreement.

5.      The Settlement Class Representative believes this Action is meritorious.  Class Counsel represent they have conducted a thorough investigation into the facts of this case, and have diligently pursued an investigation of the Settlement Class Members' claims against PRA and Walmart including, but not limited to: (1) reviewing relevant documents; (ii) researching the applicable law and the potential defenses; (iii) conducting depositions; (iv) hiring and consulting with experts; (v) developing the argument for class certification; (vi) advocating for the rights of the putative class; and (vii) preparing for trial.  Based on their own independent investigation and evaluation, Class Counsel are of the opinion that the Settlement is fair, reasonable, and adequate and is in the best interest of the Settlement Class Members in light of all known facts and circumstances, including the risk of significant delay, the defenses asserted by PRA and Walmart, class certification risk, trial risk, and appellate risk.

6.      PRA and Walmart deny any liability or wrongdoing of any kind associated with the claims alleged and contends that this Action is not appropriate for class action treatment pursuant to Rule 23 of the Federal Rules of Civil Procedure or any other federal or state rule, statute, law, or provision.  PRA and Walmart continue to assert that the Action fails to meet the prerequisites necessary for class action treatment under applicable law, especially, but not solely, with respect to predominance and manageability because the need to determine individualized issues make the Action unmanageable consistent with due process.  PRA and Walmart further assert that they have complied with all applicable provisions of federal or state statutory and common law.  PRA and Walmart further state that despite their good faith belief that they are not liable for any of the claims asserted, and despite their good faith belief that certification is not appropriate, PRA and Walmart will not oppose the Court's certification of the Settlement Class contemplated by this Agreement solely for purposes of effectuating this Settlement.  Other than for purposes of this Settlement, PRA and Walmart do not waive their objections to certification of the Settlement Class, or any other class, in this Action as a litigation class.

7.      The entry of the Final Approval Order in this Action shall dismiss with prejudice all claims which were or which could have been alleged in the Action against PRA and Walmart, with the exception of any claims which might be retained by Settlement Class Members who exclude themselves from the Settlement, if any, in accordance with the Opt-Out Process described in Section IX of this Agreement.  PRA and Walmart shall retain any existing defenses to such excluded claims.  The Parties agree to cooperate and take all steps reasonable, necessary and appropriate to obtain preliminary and final approval of this Settlement, to effectuate its terms, and, to the extent of the obligations set forth herein, to dismiss this Action against PRA and Walmart with prejudice.

8.      Each of these Recitals is incorporated into this Agreement as if fully set forth herein.

## IV.    CERTIFICATION OF THE SETTLEMENT CLASS

1.      If necessary to implement the Settlement, Class Counsel shall request that the Court enter an order regarding conditional settlement class certification in this Action to cover the Settlement

Class Period and all claims and individuals covered by this Settlement.  The form of class certification order shall, subject to Court approval, expressly state that the Parties and Class Counsel agree that certification of the Settlement Class is a conditional certification for settlement purposes only, and that PRA and Walmart retain their rights to object to certification of this Action, or any other class action, under Federal Rule 23 or any other applicable rule, statute, law, or provision.

2.     Any certification of the Settlement Class is a conditional certification for settlement purposes only, and if for any reason the Court does not grant final approval of the Settlement, or if final approval is not granted following the appeal of any order by the Court, or if for any reason the Settlement Effective Date does not occur, the certification of the Settlement Class for settlement purposes shall be deemed null and void, and each Party shall retain all of their respective rights as they existed prior to Execution of this Settlement Agreement, and neither this Settlement Agreement, nor any of its accompanying exhibits or any orders entered by the Court in connection with this Settlement Agreement, shall be admissible or used for any purpose in this Action.

3.     Any certification of the Settlement Class for settlement purposes is in no way an admission by either PRA or Walmart that class certification is proper in this Action or any other action against PRA or Walmart.  Moreover, PRA and Walmart continue to assert that this Action fails to meet the prerequisites necessary for class action treatment under applicable law, especially, but not solely, with respect to predominance and manageability because the need to determine individualized issues make the case unmanageable consistent with due process.  The Parties and Class Counsel further agree that, other than to effectuate the Settlement of this Action in this jurisdiction, the certification of the Settlement Class for settlement purposes and all documents related thereto, including this Agreement and all accompanying exhibits and all orders entered by the Court in connection with this Agreement, are only intended to be used under the specific facts and circumstances of this case and are not intended to be used in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding against PRA or Walmart.

## V.     SETTLEMENT CLASS

1.     Class Counsel shall request that the Court enter a certification order and certify for settlement purposes only the Settlement Class as defined in this Agreement.

2.     This Settlement is conditioned on (1) the Execution of this Agreement by PRA, Walmart, Settlement Class Representative, and Class Counsel; (2) the Court's certifying the Settlement Class for settlement purposes; (3) the issuance of the Preliminary Approval Order; and (4) the issuance of the Final Approval Order.

## VI.     TERMS OF SETTLEMENT

1.     *Settlement Fund.*  Subject to the other terms and conditions of this Agreement, and subject to Court approval, Walmart agrees to pay a total Settlement Fund of THREE MILLION FIVE HUNDRED THOUSAND DOLLARS ($3,500,000) to settle the Action with the Settlement Class pursuant to this Agreement.  This Settlement Fund will be used to pay

Approved Claims and any Settlement Costs, as described in this Agreement. Settlement Class Members will be eligible for a cash payment, the amount of which is dependent upon the number of Approved Claims. In no event will Walmart's payment obligations exceed the Settlement Fund and in no event will any money revert back to PRA or Walmart.

2. ***Notice and Administration Costs***. Notice and Administration Costs shall be paid from the Settlement Fund, and from no other source. The Parties shall be jointly responsible for supervising the Claims Administrator.

3. ***Attorneys' Fees and Litigation Expenses***. Attorneys' Fees and Litigation Expenses approved by the Court shall be paid from the Settlement Fund, and from no other source. Class Counsel shall apply to the Court for an award of reasonable Attorneys' Fees and Litigation Expenses. The Claims Administrator shall pay to Class Counsel the amount of the Attorneys' Fees and Litigation Expenses awarded to Class Counsel by the Court, as directed by written instructions from Class Counsel. In addition, no interest will accrue on such amounts at any time. PRA and Walmart take no position on the amounts to be sought by Class Counsel for an award of Attorneys' Fees and Litigation Expenses, but do not object to a reasonable award of Attorneys' Fees and Litigation Expenses sought in accordance with this Agreement. In the event that the Court does not approve the award of Attorneys' Fees and Litigation Expenses requested by Class Counsel, or the Court awards Attorneys' Fees and Litigation Expenses in an amount less than that requested by Class Counsel, such decision shall not affect the validity and enforceability of the Settlement and shall not be a basis for rendering the entire Settlement null, void, or unenforceable. Class Counsel retains their right to appeal any decision by the Court regarding its award of Attorneys' Fees and Litigation Expenses.

4. ***Settlement Class Representative Incentive Payment***. The Settlement Class Representative Incentive Payment shall be paid from the Settlement Fund, and from no other source. Class Counsel shall apply to the Court for a Settlement Class Representative Incentive Payment for the Settlement Class Representative (in addition to any *pro rata* distribution he may receive under this Agreement) for the time and effort he has personally invested in the Action. The Claims Administrator shall pay to Class Counsel the amount of incentive payment awarded by the Court. Class Counsel shall thereafter disburse such funds. In addition, no interest will accrue on such amounts at any time. PRA and Walmart take no position on the amounts to be sought by Class Counsel for the Settlement Class Representative Incentive Payment, but do not object to a reasonable award sought in accordance with this Agreement. The denial by the Court of any such application by Class Counsel shall not affect the validity and enforceability of the Settlement and shall not be a basis for anyone to seek to void the Settlement.

5. ***Settlement Award to Settlement Class Members***. The Claims Administrator will manage the claims process in cooperation with Class Counsel and Walmart and in accordance with this Agreement. All Settlement Class Members will be entitled to make a Claim upon the Settlement Fund for a Settlement Award, which shall be paid by check, as set forth in this Agreement. Each Settlement Class Member may make only one Claim, regardless of the number of calls the Settlement Class Member received or how many mobile telephone numbers Defendants allegedly called using an automatic telephone dialing system and/or an artificial or prerecorded voice in connection with efforts to contact the Settlement Class Member. Each Settlement Class Member who submits an Approved Claim shall be awarded a *pro rata* share of the Settlement

Fund after Settlement Costs are deducted.  Settlement Awards shall be available to Settlement Class Members on a claims-made basis.  To obtain a Settlement Award, the Settlement Class Member must submit a valid and timely Claim Form containing (1) either a valid Claim ID or a telephone number on the PRA WN/DNC List; (2) the Settlement Class Member's full name, mailing address, and e-mail address (if he or she has one); (3) for mailed Claim Forms, the Settlement Class Member's signature and an affirmation under penalty of perjury that all information contained in the Claim Form is true and accurate; (4) for Claim Forms submitted via the Settlement Website, the Settlement Class Member's electronic signature and an affirmation under penalty of perjury that all information contained in the Claim Form is true and accurate; and (5) for Claim Forms submitted via 800 number, an affirmation that by pressing "1" all information recited after the Claim ID is entered is true and accurate.  Claim Forms shall be submitted to the Claims Administrator by mail, via 800 number, or via the Settlement Website. Any Claim Form or attempt to cure a deficient claim that includes telephone records establishing receipt of a Notification Call must be submitted via mail.  To be deemed timely, Claim Forms must be submitted via the Settlement Website, 800 number, or postmarked prior to or on the last day of the Claim Filing Deadline.  For any incomplete claim form, the Claims Administrator will contact the claimant and request that the claimant complete or cure any omissions on the claim form as long as the claim was timely made.

6.     *Award Estimates*.  Class Counsel shall include in the Notices a good faith estimated range for Settlement Awards.

## VII.   NOTICE TO THE CLASS

1.     The Claims Administrator shall administer the Settlement.  Walmart will reasonably cooperate in the notice and administration process.

2.     Class Counsel will subpoena Verizon Wireless, T-Mobile, AT&T, Sprint, Virgin Mobile, Straight Talk Wireless, Boost Mobile, Metro PCS, Cricket, and U.S. Cellular for contact information missing from the PRA WN/DNC List for the purpose of providing the best notice practicable to those members of the Settlement Class.  Defendants agree that they will not oppose, or cause or encourage, directly or indirectly, others to oppose the subpoenas.  The Claims Administrator shall supplement the PRA WN/DNC List with the contact information obtained from the subpoenas ("Supplemented WN/DNC List").  For numbers that did not return contact information for class members, the Claims Administrator shall perform reverse look up using third party databases.

3.     The Claims Administrator shall implement the notice program, as set forth in this Section.  The Claims Administrator shall, by the Notice Deadline, provide:

A.  *Notice.* The Class Administrator shall provide direct notice via First Class Mail to Settlement Class Members for whom it has contact information.  Notice shall be by way of a postcard and shall contain a claim ID and shall direct recipients to the Settlement Website. Prior to mailing the postcard notice, the Claims Administrator shall search for updated addresses via the USPS national change of address database.  The Claims Administrator shall re-mail one time any Notice returned as undeliverable and shall undertake reasonable means to locate alternative addresses for the returned postcards.

B.  ***Website Notice.***  The Claims Administrator will establish and maintain a Settlement Website dedicated to the Settlement, on which will be posted the Website Notice, Claim Form, a copy of this Agreement, the Preliminary Approval Motion and Order, the operative Complaint, and any other materials the Parties agree to include.  These documents shall be available on the Settlement Website beginning five (5) days following the entry of the Preliminary Approval Order and remain until after the stale dates of any Settlement Awards.  The Claims Administrator shall also post any motions for attorneys' fees, costs, or incentive awards in connection with this Agreement on the Settlement Website within five (5) days following the filing of such motion.  The Settlement Website shall also provide for online submission of Claim Forms and will also allow Settlement Class Members to update their contact information.  The Claims Administrator shall secure the URL pratcpasettlement.com for the Settlement Website, or, if unavailable, shall secure another URL mutually agreed upon by the Parties.  The Claims Administrator and Class Counsel shall provide Walmart with an adequate opportunity to review, comment and have input on the text viewable at or available via links from the Settlement Website (other than publicly available documents available at or via such links) prior to the availability for viewing of such Website or the posting of any such text on the Website once the Website is available for viewing.

C.  ***800 Number/IVR/Telephone Claims.***  The Claims Administrator will establish and maintain an 800 number that will answer questions concerning this Agreement and allow Settlement Class Members to request a written claim form or use their Claim ID to make a claim via telephone.

## VIII.   CAFA NOTICE

1.     Walmart shall provide CAFA Notice to the appropriate governmental authorities.

## IX.     OPT-OUT PROCESS

1.     A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Claims Administrator at the address designated in the Notice no later than the Claim Filing Deadline.  Opt-Out Requests must: (i) be timely submitted by the Claim Filing Deadline; (ii) be signed by the person in the Settlement Class who is requesting to be excluded from the Settlement Class; (iii) include the full name and address of the person in the Settlement Class requesting exclusion; (iv) include the mobile telephone number on which the person seeking exclusion believes they received the call or calls associated with the request for exclusion, and (v) include the following statement: "I request to be excluded from the settlement in the Bermudez TCPA action, and to waive all rights to the benefits of the settlement."  No request for exclusion will be valid unless all of the information described above is included, but the exclusion will still be valid even if the telephone number provided does not match the class records of the number called, so long as the other identifying information provided in the Opt-Out Request matches the class records.  No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

2.      The Claims Administrator may invalidate mass-generated opt outs upon application to the Court by the Parties and subsequent approval by the Court.

3.       Settlement Class Members may not submit both an Opt-Out Request and a Claim Form. If a Settlement Class Member submits both an Opt-Out Request and a Claim Form, the Claim Form will govern and the Opt-Out Request will be considered invalid unless, prior to the deadline to submit an Opt-Out, the Settlement Class Members confirms in writing their intent to withdraw the claim form in which case the Opt-Out will govern.

4.      The Claims Administrator shall maintain a list of persons who have submitted Opt-Out Requests and shall provide such list to the Parties upon written request.

5.      All Settlement Class Members will be bound by all determinations and judgments in the Action.  In the event that the number of persons in the Settlement Class who validly and timely submit Opt-Out Requests exceeds ten percent (10%) of the class, Walmart, in its sole and absolute discretion, may terminate this Agreement.

## X.      OBJECTION PROCESS

1.      A Settlement Class Member who wishes to object to the Settlement must notify the Court of his or her objection, in writing, on or before the Claim Filing Deadline.

2.      The Parties will request that the Court enter an order requiring any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, to file a written notice of objection with the Court by the objection date contained in the Notice, as well as any notice of intention to appear at the Final Approval Hearing.  The objection must also be served on counsel of record by the objection date.  To state a valid objection to the Settlement, an objecting Settlement Class Member must personally sign the objection and provide the following information in connection with and as part of any objection:  (i) full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of the position the objector wishes to assert, including the factual and legal grounds for the position and objection; and (iv) copies of any other documents that the objector wishes to submit in support of his/her/its position. Subject to approval of the Court, any objecting Settlement Class Member may, but does not need to, appear in person or by counsel at the Final Approval Hearing held by the Court to show cause why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for attorneys' fees, incentive awards, and reimbursement of reasonable litigation costs and expenses.  In this respect, the objecting Settlement Class Member must file with the clerk of the Court, and serve on all counsel designated in the Notice, a notice of intention to appear by the objection deadline or on such other date that may be set forth in the Notice.  The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or his/her/its counsel) will present to the Court in connection with the Final Approval Hearing.  Any Settlement Class Member who does not provide a notice of intention to appear in complete accordance with the deadlines and other specifications set out in the Notice, and who has not filed an objection in complete accordance with the deadlines and other specifications set forth in this Settlement and the Notice, subject to the approval of the Court, will be deemed to have waived any objections to the

Settlement and can be barred from speaking or otherwise presenting any views at the Final Approval Hearing.

3.      Settlement Class Members who do not file and serve timely written objections in accordance with the procedures set forth in this Agreement have waived any objections to the Settlement and are forever foreclosed from making any objection (whether by appeal or otherwise) to the settlement, or any aspect of the settlement, including, without limitation, the fairness, reasonableness, or adequacy of the proposed settlement, or any award of attorneys' fees or reimbursement of costs and expenses.

## XI.      DISTRIBUTION PROCESS

1.      The Settlement Fund shall be funded through a QSF in accordance with this Agreement. The timing of the payments by Walmart to the QSF is:

    A.  Within 30 business days following the date on which the Court enters an order granting Preliminary Approval of the Settlement, or within 30 business days of the date on which the Court enters an order approving the QSF, whichever is later, Walmart shall transfer the Notice and Administration Costs to the QSF, who shall distribute that amount to the Claims Administrator.  In the event that the Settlement Effective Date does not occur, any amounts actually used by the Claims Administrator for notice and administration shall not be refundable to Walmart.  If, however, Walmart has paid into the QSF monies for Notice and Administration Costs which have not been used by the Claims Administrator, those amounts not used by the Claims Administrator shall be refunded to Walmart.

    B.  Subject to Section XI.1.C., within 14 business days following the Settlement Effective Date, Walmart shall transfer to the QSF the remainder of the Settlement Fund (or such lesser amount as awarded by the Court).  Class Counsel shall provide the QSF with the information as to whom the Attorneys' Fees and Litigation Expenses and Settlement Class Representative Incentive Payment should be distributed.  Walmart shall not, under any circumstances or for any reason, be obligated to pay any amounts in addition to the Settlement Fund in connection with the Settlement.

2.      *Settlement Award Payments.*  Settlement Awards shall be paid by check or electronic deposit at the election of the class member.  Within forty-five (45) days after the Settlement Effective Date, the Claims Administrator shall send the Settlement Award to each eligible Settlement Class Member who timely submits a completed Claim Form.  The Claims Administrator shall undertake reasonable means to locate current addresses for all returned checks.  Checks will be valid for one-hundred twenty (120) days from the date on the check. The amounts of any checks that remain uncashed more than one-hundred twenty (120) days after the date on the check will be included as part of the Second Distribution (as defined below).

3.      *Subsequent Distributions.*  If, after the expiration date of the checks distributed pursuant to Section XI.2 above, there remains money in the Settlement Fund sufficient to pay for the cost to send subsequent checks to each Settlement Class Member who cashed his or her initial Settlement Award check, such remaining monies will be distributed on a *pro rata* basis to those

Settlement Class Members who cashed his or her initial Settlement Award check (the "Subsequent Distribution"). The Subsequent Distribution shall be made within ninety (90) days after the expiration date of the checks distributed pursuant to Section XI.2 above, and shall be paid in the same manner as the original Settlement Award. Checks issued pursuant to the Subsequent Distribution will be valid for one-hundred twenty (120) days from the date on the check. This process shall be repeated to the extent feasible and practical in light of the costs of administering such subsequent payments based on the judgment of Class Counsel and counsel for Walmart, unless other specific reasons exist that would make such further distribution impossible or unfair. In the event the costs of preparing, transmitting and administering such subsequent payments are not feasible and practical to make individual distributions or other specific reasons exist that would make such further distributions impossible or unfair, Class Counsel and counsel for Walmart shall file recommendations with the Court for distribution of the residual funds. The Court shall have the discretion to approve, deny, amend or modify, in whole or in part, the proposed recommendations for distribution of the residual funds. The Parties agree that any residual funds shall not be used for any litigation purpose or to disparage any Party. The Parties further agree that the Court's approval, denial, amendment, or modification, in whole or in part, of the recommendations for distribution of the residual funds pursuant to this paragraph shall not constitute grounds for termination of the Settlement pursuant to this Agreement. All costs associated with the disposition of residual funds – whether through additional distributions to Claimants and/or through an alternative plan approved by the Court – shall be borne solely by the Settlement Fund. Under no circumstances shall Walmart be responsible for any costs associated with the disposition of residual funds, whether through additional distributions to Claimants or through an alternative plan approved by the Court.

## XII.   QUALIFIED SETTLEMENT FUND

1.      As required under this Agreement, Walmart shall transfer to the Trustee, as selected by agreement of the Parties, the required portions of the Settlement Fund, to be held as a separate trust constituting a QSF as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1. Class Counsel and Walmart jointly shall, and shall cause the Trustee to, take such steps as shall be necessary to qualify the QSF under §468B of the Internal Revenue Code, 26 U.S.C. §468B, and the regulations promulgated pursuant thereto. Walmart shall be considered the "transferor" within the meaning of Treasury Regulation §1.468B-1(d)(1). The Claims Administrator shall be the "administrator" within the meaning of Treasury Regulation §1.468B-2(k)(3). The Parties shall cooperate in securing an order of the Court to establish the QSF in accordance with the terms hereof in conjunction with its Preliminary Approval of the Settlement and Notice as described in the Agreement. The Court shall retain jurisdiction over the administration of the QSF. Walmart shall supply to the Claims Administrator and to the Internal Revenue Service the statement described in Treasury Regulation §1.468B-3(e)(2) no later than February 15th of the year following each calendar year in which Walmart makes a transfer to the QSF. It is intended that the transfers to the QSF will satisfy the "all events test" and the "economic performance" requirement of §461(h)(1) of the Internal Revenue Code, and Treasury Regulation §1.461-1(a)(2). Accordingly, Walmart shall not include the income of the QSF in its income. Rather, the QSF shall be taxed on its modified gross income, excluding the sums transferred to it, and shall make payment of resulting taxes from its own funds. In computing the QSF's modified gross income, deductions shall be allowed for its administrative costs and other deductible

expenses incurred in connection with the operation of the QSF, including, without limitation, state and local taxes and legal, accounting, and other fees relating to the operation of the QSF.

2.      Upon establishment of the QSF, the Trustee shall apply for an employer identification number for the QSF utilizing Internal Revenue Service Form SS-4 and in accordance with Treasury Regulation §1.468B-2(k)(4).

3.      If requested by either Walmart or the Claims Administrator, the Claims Administrator, the Trustee and Walmart shall fully cooperate in filing a relation-back election under Treasury Regulation §1.468B-1(j)(2) to treat the QSF as coming into existence as a settlement fund as of the earliest possible date.

4.      Following its deposits as described in this Agreement, Walmart shall have no responsibility, financial obligation, or liability whatsoever with respect to the notifications to the Class required hereunder, the processing of Claims and Opt-Out Letters, the allowance or disallowance of claims by Claimants, payments to Class Counsel, investment of QSF funds, payment of federal, state, and local income, employment, unemployment, excise, and other taxes imposed on the QSF or its disbursements, or payment of the administrative, legal, accounting, or other costs occasioned by the use or administration of the QSF, since it is agreed that such deposits shall fully discharge Walmart's obligations to Claimants and Class Counsel and for expenses of administration in respect to the disposition of the Settlement Fund hereunder. Rather, the Claims Administrator shall have sole authority and responsibility for the administration of such funds and income thereon, disbursement to Claimants and Class Counsel, and payment of taxes and administrative costs in accordance with the provisions hereof, subject only to the rights of Walmart or Class Counsel to seek redress for any breach of the terms hereof.

5.      The Claims Administrator shall cause to be filed, on behalf of the QSF, all required federal, state, and local tax returns, information returns and tax withholdings statements in accordance with the provisions of Treasury Regulation §1.468B-2(k)(1) and Treasury Regulation §1.468B-2(l)(2)(ii).  The Claims Administrator may, at the expense of the QSF, retain legal counsel and an independent, certified public accountant to consult with and advise the Claims Administrator or the Trustee with respect to the preparation and filing of such materials and the federal, state and local tax compliance of the QSF.  Either Walmart or the Claims Administrator, independently or jointly, may, but are not required to, apply to the Internal Revenue Service and/or any applicable state taxing authority for an advance ruling as to any issue pertinent to the qualification of the QSF under Internal Revenue Code §468B and Treasury Regulations promulgated thereunder, its tax status under applicable state law, and/or its tax payment, reporting and withholding duties, so long as Walmart and the remaining Parties are reasonably satisfied that such application and ruling will not compromise the confidentiality of settlement evidenced herein as required by this Agreement.  Subject to any contrary holdings in any such ruling, Settlement Class Members shall be responsible for payment of appropriate federal, state, and local income taxes on any claim paid out pursuant to this Agreement. The Parties agree that no portion of any distributions from the QSF to the Settlement Class Members is made in satisfaction of any excluded liability as described in Treasury Regulation § 1.468B-1(g), related to Qualified Settlement Funds.

6.      The taxable year of the QSF shall be the calendar year in accordance with Treasury Regulation §1.468B-2(j).   The QSF shall utilize the accrual method of accounting within the meaning of § 446(c) of the Internal Revenue Code.

7.      Based on the Trustee's recommendation and approval by the Parties, the QSF may be invested in United States Treasury bills, money market funds primarily invested in the same, or certificates of deposit (CDs), provided that such portions of the QSF as may reasonably be required to pay current QSF administrative expenses, taxes or disbursements to Claimants or Class Counsel may be deposited in bank accounts which are federally insured to the greatest extent practicable.   All federal, state, and local taxes imposed with respect to income earned by, or property of, the QSF, shall be paid from the QSF.

8.      The Claims Administrator may amend, either in whole or in part, any administrative provision of this Section or the trust instrument through which the QSF is established to maintain the qualification of the QSF pursuant to the above-described authorities provided that the rights and liabilities of the Parties hereto and the Class are not altered thereby in any material respect.

## XIII.   COMPREHENSIVE WAIVER, RELEASE, AND DISMISSAL

1.      Subject to final approval by the Court of the Settlement, and for good and valuable consideration set forth herein, the receipt and sufficiency of which is hereby acknowledged, all Releasing Settlement Class Members irrevocably release, acquit, and forever discharge PRA, Walmart, and the other Released Parties, of and from any and all claims, rights, causes of action, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability of any and every kind that were asserted in the Action, or that could have been asserted but were not asserted in the Action, or in any other court or forum, whether known or unknown, on the basis of, connected with, arising out of, or related in whole or in part to any or all of the alleged acts, omissions, facts, matters, transactions, circumstances, and occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Action, whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local, including but not limited to claims relating to the TCPA and other laws involving the use of automatic telephone dialing system and/or the use of artificial or prerecorded voice (the "Released Claims").   PRA and Walmart do not release any claims they may have against each other arising from or relating to this Action. Releasing Settlement Class Members do not include claims for any calls other than the calls PRA made relating to Walmart.

2.      The Released Claims also include a release of all claims for Attorneys' Fees and Litigation Expenses incurred by Releasing Settlement Class Members or by Class Counsel or any other attorney in connection with the Action, and this Settlement, and all claims related to conduct in discovery in the Action.

3.      Releasing Settlement Class Members understand and agree that the release of the Released Claims is a full and final general release applying to both those Released Claims that

are currently known, anticipated, or disclosed to Releasing Settlement Class Members and to all those Released Claims that are presently unknown, unanticipated, or undisclosed to any Releasing Settlement Class Members arising out of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Action. Releasing Settlement Class Members acknowledge that the facts could be different than they now know or suspect to be the case, but they are nonetheless releasing all such unknown claims.  In exchange for the good and valuable consideration set forth herein, all Releasing Settlement Class Members further waive any and all rights or benefits that they as individuals or the classes may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Action.   In exchange for the good and valuable consideration set forth herein, all Releasing Settlement Class Members further waive any and all rights or benefits that they as individuals or as Settlement Class Members may now have as a result of the alleged facts, circumstances, and occurrences underlying the claims set forth in the Action under the terms of Section 1542 (a) of the California Civil Code (or similar statute in effect in any other jurisdiction), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH DEBTOR.

4.      The Parties acknowledge that this Settlement, including the releases provided in this Section, reflects a compromise of disputed claims.

5.      The Final Approval Order shall dismiss the Action with prejudice and shall incorporate the terms of this release.

## XIV.   DUTIES OF THE PARTIES WITH RESPECT TO OBTAINING PRELIMINARY COURT APPROVAL

1.      Class Counsel shall apply to the Court for the entry of an order granting Preliminary Approval of the Settlement substantially in the following form:

A.  Preliminarily approving the Settlement;

B.  Conditionally certify the Settlement Class for settlement purposes in accordance with applicable legal standards and this Agreement;

C.  Approving as to form and content the proposed Notice;

D.  Scheduling a fairness hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the Settlement Class;

E.  Approving William Peerce Howard and Amanda J. Allen of The Consumer Protection Firm, and Keith J. Keogh and Amy L. Wells of Keogh Law, Ltd as Class Counsel;

F.  Approving Emanuel Bermudez as Settlement Class Representative; and

G.  Approving American Legal Services Inc. as Claims Administrator.

H.  Approving the Claim Form and the claims process described herein for the Settlement Class.

I.  Setting the Claim Filing Deadline for the submission of Claims to end sixty (60) days after the Notice Deadline.

J. Pending determination of whether the Settlement should be finally approved, barring and enjoining all persons in the Settlement Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out.

2.       PRA and Walmart shall not unreasonably withhold cooperation from Class Counsel to obtain Preliminary Approval. The Parties shall continue to take any steps necessary to stay any pending proceedings so as to preserve the status quo until either the Settlement Effective Date occurs or the Settlement Agreement is voided.

## XV.    DUTIES OF PARTIES FOLLOWING PRELIMINARY COURT APPROVAL

1.       Following Preliminary Approval by the Court of the Settlement, and no later than the filing of the motion for final approval, Class Counsel will submit a proposed Final Approval Order in the form of the Final Approval Order attached hereto as Exhibit 2.  The proposed Final Approval Order shall:

A.  Approve the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate and directing consummation of its terms and provisions;

B.  Find that the Notice as given was the best notice practicable under the circumstances, is due and sufficient notice to the Settlement Class, and fully satisfies the requirements of due process and Federal Rule of Civil Procedure 23;

C.  Certify the Settlement Class for settlement purposes in accordance with applicable legal standards and this Agreement;

D.  Approve Class Counsel's application for an award of Attorneys' Fees and Litigation Expenses pursuant to this Agreement;

E.  Approve the Settlement Class Representative Incentive Payments;

F.  Approve the plan of distribution for the Settlement Fund and any interest accrued thereon;

G.  Confirm that Settlement Class Representative and the Settlement Class Members (other than those who timely filed valid Opt-Out Requests) have released all Released Claims that are contemplated under this Agreement and are permanently barred and

enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims that are contemplated under this Agreement against the Released Parties;

H.   Dismiss the Action on the merits and with prejudice as to the Settlement Class Representative and the Settlement Class Members  (other than those who timely filed valid Opt-Out Requests).

I.   Retain jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Settlement.

2.      PRA and Walmart shall not unreasonably withhold cooperation from Class Counsel to obtain final approval and the dismissal of the Action.

3.      The Final Approval Order shall not be considered final until the occurrence of the Settlement Effective Date.

4.      Pending determination of whether the Settlement should be granted Final Approval, the Parties agree not to pursue any claims or defenses otherwise available to them in the Action, and no person in the Settlement Class or person acting or purporting to act directly or derivatively on behalf of a person may commence or prosecute against any of the Released Parties any action or proceeding asserting any of the Released Claims.  The Preliminary Approval Order will contain an injunction enjoining the prosecution of the Released Claims by any person unless and until after such person is validly excluded from the Settlement Class or is not a Settlement Class Member.

## XVI.   MUTUAL FULL COOPERATION

1.      The Parties agree to cooperate fully with each other to accomplish the terms of this Settlement, including but not limited to execution of all necessary documents, and to take such other action as may reasonably be necessary to implement the terms of this Settlement.  The Parties shall use their best efforts, including all efforts contemplated by this Settlement and any other efforts that may become necessary by order of the Court or otherwise, to effectuate the terms of this Settlement.  As soon as practicable after Execution of this Settlement, Class Counsel shall, with the reasonable assistance and cooperation of PRA, Walmart and their counsel, take all  reasonable and necessary steps to secure the Court's Final Approval Order.

## XVII.  STATEMENT OF NO ADMISSION

1.      Nothing contained in this Agreement shall be construed against PRA or Walmart or deemed an admission of liability, culpability, or wrongdoing on the part of PRA or Walmart, and PRA and Walmart deny liability for any alleged wrongdoing.  PRA and Walmart expressly deny liability for the claims asserted and specifically deny and do not admit any of the pleaded facts not admitted in their pleadings in the Action.  Nor shall this Agreement constitute an admission by PRA or Walmart as to any interpretation of laws or as to the merits, validity, or accuracy of any claims made against it in the Action.  Likewise, nothing in this Agreement shall be construed or deemed an admission by Plaintiff or the Settlement Class with regards to the validity of any of the defenses or affirmative defenses asserted by PRA or Walmart.  Each of the Parties has

entered into this Settlement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.

2.      This Agreement, and all related documents, including the Settlement Agreement, the certification for settlement purposes entered pursuant to this Agreement, and any Claims, Opt-Out Requests, Objections or other materials submitted by Settlement Class Members and all other actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to this Agreement are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in this Action or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or any other litigation against PRA or Walmart, for any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

3.      The Claims Forms, Opt-Out Requests, Objections, and any other evidence produced or created by any Settlement Class Member in connection with the claims resolutions procedures pursuant to this Settlement, and any actions taken by PRA or Walmart in response to such materials do not constitute, are not intended to constitute, and will not be deemed to constitute an admission by PRA or Walmart of any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity.

4.      Any certification of the Settlement Class in accordance with the terms of this Agreement is for settlement purposes only.  Nothing in this Agreement will be construed as an admission or acknowledgement of any kind that any class should be certified in this Action or in any other action or proceeding.  Further, neither this Agreement, nor the Court's actions with regard to this Agreement, will be deemed admissible in this Action and are not intended to be admissible (and Plaintiff and Class Counsel shall not seek their admission), in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or in any other litigation, regarding the propriety of class certification or collective treatment.  In the event that this Agreement is not approved by the Court or any appellate court, or otherwise fails to become effective and enforceable, or is terminated, or the Settlement Effective Date does not occur for any reason, PRA and Walmart will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Action.  Such objections and defenses include, but are not limited to, PRA and Walmart's objections and defenses to any class-wide treatment and nothing in this Agreement or any document related to this Agreement shall be construed as a waiver by either PRA or Walmart of their contention that class certification is not appropriate and is contrary to law in this Action or any other case or proceeding.

## XVIII. VOIDING THE AGREEMENT

1.      Class Plaintiff and Walmart shall each have the right to unilaterally terminate this Agreement by providing written notice of his, her, their or its election to do so ("Termination Notice") to all other Parties within ten (10) calendar days of any of the following occurrences:

    A. The Court rejects or declines to finally approve the Agreement and the parties assert in writing that they are waiving any right to appeal said rejection;

B. An appellate court reverses the Final Approval Order, and the Agreement is not reinstated without substantial and material change by the Court on remand;

C. The Settlement Effective Date does not occur; or

D. Any other ground for termination set forth in this Agreement.

2.      All Settlement Class Members will be bound by all determinations and judgments in the Action.  In the event that the number of persons in the Settlement Class who validly and timely submit Opt-Out Requests exceeds ten percent (10%) of the class, Walmart, in its sole and absolute discretion, may terminate this Agreement.

3.      In the event that this Settlement is not approved, or if for any reason the Settlement Effective Date does not occur, the Settlement Agreement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or other proceeding, or other litigation against PRA or Walmart, and the Parties shall return to their respective positions prior to the Court's consideration of this Settlement.

4.      In the event that the Court does not approve the Attorneys' Fees and Litigation Expenses in the amount requested by Class Counsel, or in the event that the Attorneys' Fees and Litigation Expenses requested by Class Counsel is reduced, that finding shall not be a basis for rendering the entire Settlement Agreement null, void, or unenforceable.  Class Counsel retains their right to appeal any decision by the Court regarding the Attorneys' Fees and Litigation Expenses.

## XIX.        SIGNATORIES' AUTHORITY

1.      The respective signatories to this Agreement each represent that they are fully authorized to enter into this Settlement on behalf of the respective Parties for submission to the Court for preliminary and final approval.

## XX.    NO PRIOR ASSIGNMENTS

1.      The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action, or right released and discharged in this Settlement.

## XXI.   NOTICES

1.      Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing and shall be deemed to have been duly given:  (i) on the date given, if given by hand delivery; (ii) within one (1) business day, if sent by overnight delivery services such as Federal Express or similar courier; (iii) on the third business day after mailing by United States registered or certified mail, return receipt requested, or (iv) on the day received for delivery by e-mail. All notices given under this Agreement shall be addressed as follows:

A. To the Class:

> Keith J. Keogh
> Keogh Law, LTD.
> 55 W. Monroe St., Ste. 3390
> Chicago, IL 60603
> Email: keith@keoghlaw.com

B. To PRA:

> Ernest H. "Skip" Kohlmyer, III
> Shepard, Smith, Kohlmyer & Hand, P.A.
> 2300 Maitland Center Pkwy., Suite 100,
> Maitland, FL 32751
> Email: skohlmyer@shepardfirm.com

C. To Walmart:

> Shannon Z. Petersen
> Sheppard, Mullin, Richter & Hampton LLP
> 12275 El Camino Real, Suite 200
> San Diego, CA 92130
> Email: spetersen@sheppardmullin.com

## XXII.  CONFIDENTIALITY

1.      The substance of the negotiations, but not the date or place related to this Agreement (including the negotiations regarding the Term Sheet, negotiations related to the drafting of this Agreement, and any negotiations prior to Preliminary Approval or between the time of preliminary and final approval) will remain strictly confidential and shall not be discussed with anyone other than the Settlement Class Representative, PRA and Walmart, their retained attorneys, their accountants and financial or tax advisers, their retained consultants, the Court, and the mediator Hesha Abrams and her staff, unless otherwise agreed to by Class Counsel, PRA and Walmart, or unless otherwise ordered by the Court.   Notwithstanding the other provisions of this Section, Walmart may, if necessary, disclose the Settlement in filings that Walmart, Inc., is required to make with the Securities and Exchange Commission, including 10-Q and 10-K filings, or in other disclosures to investors.

## XXIII. PRESS RELEASE

1.      No Party, nor their counsel, shall initiate any statements to the media regarding the settlement.  The Parties shall agree on a statement to be used in the event of press inquiries regarding the Settlement.  The Parties shall not make any other statements to the media regarding this Settlement.

## XXIV. DOCUMENTS AND DISCOVERY

1.      Class Counsel will maintain confidentiality of documents and data produced by PRA and Walmart in the Action pursuant to any protective order entered in the Action, and within sixty days following the Settlement Effective Date, shall either return such documents and data or certify that such documents and data have been destroyed.


# XXV.  MISCELLANEOUS PROVISIONS

1.      *Construction*.  The Parties agree that the terms and conditions of this Settlement are the result of lengthy, intensive arms-length negotiations between the Parties and that this Settlement shall not be construed in favor of or against any party by reason of the extent to which any party or his or its counsel participated in the drafting of this Settlement.

2.      *Captions and Interpretations*.  Paragraph titles or captions contained in this Agreement are a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any provision of this Agreement.  Each term of this Agreement is contractual and not merely a recital.

3.      *Modification*.  This Agreement may not be changed, altered, or modified, except in a writing signed by the Parties and approved by the Court.  Notwithstanding the foregoing, the Parties agree that any dates contained in this Agreement may be modified by agreement of the Parties without Court approval if the Parties agree and cause exists for such modification.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

4.      *Integration Clause*.  This Agreement, the exhibits hereto, and any other documents delivered pursuant hereto contain the entire agreement between the Parties relating to the resolution of the Action, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or such Party's legal counsel, are merged in this Agreement.  No rights under this Settlement may be waived except in writing and signed by the Party against whom such waiver is to be enforced.

5.      *Binding on Assigns*.  This Settlement shall be binding upon, and inure to the benefit of, the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

6.      *Class Counsel Signatories*.  It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement.  The Notice will provide all Settlement Class Members with a summary of the Settlement, and will advise all Settlement Class Members of the binding nature of the Release.  Excepting only those Settlement Class Members who timely submit a valid Opt-Out Request, such Notice shall have the same force and effect as if this Settlement were executed by each Settlement Class Member.

7.      *Counterparts*.  This Agreement may be executed by facsimile signature and in any number of counterparts, and when each party has signed and delivered at least one such

counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one and the same Agreement, which shall be binding upon and effective as to all Parties.

8.      ***Mediate***.    The Parties agree to mediation with Hesha Abrams to resolve any disagreements over the implementation of the terms of the Settlement, this Agreement, or any other documents necessary to effectuate the Settlement.  Unless otherwise ordered by Hesha Abrams, the Parties will split the costs of any such mediation and all Parties will bear their own attorneys' fees.  If any such mediation is unsuccessful, the dispute shall be decided by the Court.

9.      ***Applicable Law***.  This Agreement shall be governed by Florida law without regard to its choice of law or conflicts of law principles or provisions.

**REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK**

ACCEPTED AND AGREED:

_____
Emanuel Bermudez

_10 Dec 18_
Date

ON BEHALF OF PLAINTIFF AND SETTLING CLASS MEMBERS:

_____
Keith Keogh
KEOGH LAW, LTD.

_12/10/2018_

_____
William Peerce Howard
THE CONSUMER PROTECTION FIRM

_12/10/2018_
Date

ON BEHALF OF PRA:

_____
Ernest H. "Skip" Kohlmyer, III
SHEPARD, SMITH, KOHLMYER
& HAND, P.A.

_____
Date

ON BEHALF OF WALMART:

_____
Shannon Z. Petersen
SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP

_____
Date

ACCEPTED AND AGREED:

_____
Palmer Recovery Attorneys
f/k/a Palmer, Reifler & Associates

12-14-18
_____
Date

_____
Walmart, Inc.

_____
Date

APPROVED AS TO FORM:

_____

12-14-18
_____
Date

Counsel for Palmer, Reifler & Associates
Ernest H. "Skip" Kohlmyer, III
SHEPARD, SMITH, KOHLMYER
& HAND, P.A.

_____
Counsel for Walmart, Inc.
Shannon Z. Petersen
SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP

_____
Date

ACCEPTED AND AGREED:

_____          _____
Emanuel Bermudez                         Date


_____          _____
Palmer, Riefler & Associates             Date

_____          DEC 17 2018
Walmart, Inc.                            _____
                                         Date

APPROVED AS TO FORM:


_____          _____
Counsel for Plaintiff and the Class      Date
Keith Keogh
KEOGH LAW, LTD.


_____          _____
Counsel for Plaintiff and the Class      Date
William Peerce Howard
THE CONSUMER PROTECTION FIRM


_____          _____
Counsel for Palmer, Riefler & Associates Date
Ernest H. "Skip" Kohlmyer, III
SHEPARD, SMITH, KOHLMYER
& HAND, P.A.

_____          Dec. 18, 2018
Counsel for Walmart, Inc.                _____
Shannon Z. Petersen                      Date
SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP

# EXHIBIT 1

*Cook and Bermudez, et al v. Palmer, Reifler & Associates and Wal-Mart Stores, Inc.*
**USDC, Middle District of Florida, Jacksonville Division Case No. 3:16-cv-673-BJD-JRK**

American Legal Services Inc., Claims Administrator
PO Box [_____]
[_____]

<<mail id>>
<<Name1>>
<<Name2>>
<<Address1>>
<<Address2>>
<<City>><<State>><<Zip>>

Toll-Free Number: x-xxx-xxx-xxxx
Website: www.PRATCPASettlement.com

## CLAIM FORM

TO RECEIVE BENEFITS FROM THIS SETTLEMENT, YOU MUST PROVIDE
<u>ALL</u> OF THE INFORMATION BELOW AND YOU <u>MUST</u> SIGN THIS CLAIM FORM.  IF THIS CLAIM FORM IS
SUBMITTED ONLINE, YOU <u>MUST</u> SUBMIT AN ELECTRONIC SIGNATURE.

YOUR CLAIM FORM MUST BE <u>SUBMITTED ON OR BEFORE</u> _____, 2019.

1. <u>CLAIMANT INFORMATION:</u>

_____    _____    _____
FIRST NAME                          MIDDLE NAME         LAST NAME

_____
ADDRESS 1

_____
ADDRESS 2

_____    _____  _____  -  _____
CITY                                                                         STATE      ZIP                    (optional)

_____    _____
CELLULAR TELEPHONE NUMBER(S) (where you received the call(s))  E-MAIL ADDRESS (if applicable)

2. <u>AFFIRMATION:</u>

By signing below, I declare, that the information above is true and accurate. This Claim Form may be researched and verified by the
Claims Administrator.

Signature: _____

Name (please print): _____

Date: _____

**QUESTIONS? VISIT www.PRATCPASettlement.com OR CALL [_____] or Class Counsel
at 866.726.1092.**

42090

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | | |
|---|---|---|
| THOMAS COOK and EMANUEL BERMUDEZ, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 3:16-cv-673-BJD-JRK |
| v. | ) ) | District Judge Brian J. Davis |
| PALMER, REIFLER & ASSOCIATES, and WAL-MART STORES, INC., | ) ) ) | Magistrate Judge James R. Klindt |
| Defendants. | ) ) | |

**[PROPOSED] ORDER GRANTING FINAL APPROVAL**

42091

The Court having held a Final Approval Hearing on _____, 2019, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), and having considered all matters submitted at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order,

It is hereby ORDERED, ADJUDGED AND DECREED as follows:

1.    The Settlement Agreement and Release dated Xxxxxxx XX, 2019, including its Exhibits (the "Agreement"), and the definition of words and terms contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (ECF No.___) are also incorporated by reference into this Final Approval Order.

2.    This Court has jurisdiction over the subject matter of the Action and over Wal-Mart Stores, Inc. ("Walmart") and Palmer, Reifler & Associates ("PRA") and Plaintiff, including all Settlement Class Members, (collectively, "the Parties"), with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

A.  Wrong-Number Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number, such as where PRA listed that number on its Wrong Number List.

B.  Call after Wrong-Number Notation Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number after it was already informed it had the wrong number, such as where the number was previously added to PRA's Wrong-Number List.

C.  DNC Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called after receiving a

1

do not call request, such as where the number was previously added to PRA's Do Not Call List.

The following are excluded from the Settlement Class: (1) the trial judge presiding over this case; (2) PRA, as well as any parent, subsidiary, or affiliate of PRA, and the officers, directors, agents, servants, or employees of PRA; (3) Walmart, as well as any parent, subsidiary, or affiliate of Walmart, and the officers, directors, agents, servants, or employees of Walmart; (4) any of the Released Parties; (5) the immediate families of any such person(s); (6) any Settlement Class Member who has timely opted out of this proceeding; and (7) Plaintiff's Counsel, their employees, and their immediate family.

3.      The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and Walmart, and PRA.

4.      The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5.      The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

6.      There were no objections to the Agreement *or* [For the reasons stated on the record, as well as the reasons set forth in Plaintiff's and Walmart's, and PRA's respective pleadings, the Court overrules all objections to the Agreement.]

42091

7.      If applicable [The Court finds that _____ is/are not class members and have no standing to object to the Settlement Agreement.]

8.      The Court hereby finally approves the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

9.      The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

10.     The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Awards, the Subsequent Distributions and disposition of any remaining funds thereafter.

11.     This Court hereby dismisses this Action, with prejudice, without costs to any party, except as expressly provided for in the Agreement.

12.     As of the Effective Date, the Plaintiff and each and every Releasing Settlement Class Member irrevocably releases, acquits, and forever discharged the Released Parties from the Released Claims as fully set forth in the Agreement. In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

13.     If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel

or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding. No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, Walmart, PRA, or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

14. In the event that the Settlement fails to become effective for any reason, the money remaining in the Settlement Fund, less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Walmart.

15. In the event that any provision of the Agreement or this Final Approval Order is asserted by Walmart and PRA as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to

effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

16.     By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

17.     Class Counsel have moved pursuant to FED. R. CIV. P. 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses. Pursuant to Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a)     that the Class Settlement confers substantial benefits on the Settlement Class Members;

(b)     that the value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid and timely Settlement Claim Certification Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protection Act ("TCPA");

(c)     that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d)     that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e)     that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for Walmart and PRA, and was negotiated in good-faith and in the absence of collusion;

42091

(f)      that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in the amount in an amount of up to $_____ and expenses in the amount of up to $____incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(g)      that _____ member(s) of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

(g)      that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. In the Eleventh Circuit, "it is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re Checking Acct. Overdraft Litig.*, 830 F. Supp.2d 1330, 1358 (S.D. Fla. 2011), citing *Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980).  The Eleventh Circuit endorses using the factors articulated *Johnson v. Georgia Highway Expr., Inc*., 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of the award in excess of 25%. *See Camden I Condo. Ass'n*, 946 F.2d at 775. The *Johnson/Camden I* factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent; (7) the time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the

"undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Camden I*, 946 F.2d at 772, n.3. These factors confirm the reasonableness of the proposed fee award here.  Accordingly, Class Counsel are hereby awarded $ _____ for attorney fees and $_____ for reimbursed expenses from the balance of the Settlement Fund, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

14.     The Class Representative, Emanuel Bermudez, as identified in the Preliminary Approval Order, is hereby compensated in the amount of $_____ for his efforts in this case. *See*, *e.g.*, *Cooper v. NelNet, Inc.*, 14-cv-314-RBD-DAB, ECF No. 85, p.5, ¶11 (M.D. Fla. Aug. 4, 2015) ($25,000 incentive award); *Gevaerts v. TD Bank, N.A.*, No. 14-cv-20744-RLR, 2015 U.S. Dist. LEXIS 150354, *25-*26 (S.D. Fla. Nov. 5, 2015) ($10,000 incentive awards to two sets of plaintiffs), *citing Spicer v. Chi. Bd. of Options Exchange, Inc.*, 844 F.Supp. 1226, 1267-68 (N.D. Ill. 1993) (collecting cases approving incentive awards ranging from $5,000 to $100,000, and approving $10,000 for each plaintiff); *Legg v. Lab. Corp. of Am. Holdings*, No. 14-61543-RLR, 2016 U.S. Dist. LEXIS 122695 (S.D. Fla. Feb. 18, 2016) ($10,000, in a FACTA case); *Legg v. Spirit Airlines, Inc.*, No. 14-cv-61978-JIC, ECF No. 151, ¶16 (S.D. Fla.) ($10,000 each to two plaintiffs, in a FACTA case); and *Muransky v. Godiva Chocolatier, Inc.*, No. 15-cv-60716-WPD, 2016 U.S. Dist. LEXIS 133695, *11 (S.D. Fla. Sept. 28, 2016) ($10,000, in a FACTA case).


**IT IS SO ORDERED,**
**ADJUDGED AND DECREED.**

42091

Dated: _____     _____

Honorable Brian J. Davis

42091

EXHIBIT 2A

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS COOK and EMANUEL            )
BERMUDEZ, individually and on      )
behalf of all others similarly situated,  )
                                   )
              Plaintiffs,          )       Case No.: 3:16-cv-673-BJD-JRK
                                   )
       v.                          )       District Judge Brian J. Davis
                                   )
PALMER, REIFLER & ASSOCIATES,      )       Magistrate Judge James R. Klindt
and WAL-MART STORES, INC.,         )
                                   )
              Defendants.          )


**[PROPOSED] JUDGMENT DISMISSING ACTION WITH PREJUDICE**

42104

The Court having held a Final Approval Hearing on _____, 2019, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan and (4) Setting Final Approval Hearing (the "Preliminary Approval Order"), having considered all matters submitted to it at the Final Approval Hearing and otherwise and entering the Final Approval Order approving the class action settlement, and finding no just reason for delay in entry of this Final Judgment,

It is hereby ORDERED as follows:

1. The Parties and Claims Administer are to effectuate the Settlement Agreement according to its terms;

2. Attorney fees and costs are awarded to Class Counsel in the amount of $_____ to be distributed by the Claims Administer from the settlement fund;

3. An incentive award is awarded to the named Plaintiff, Emanuel Bermudez, in the amount of $_____ to be distributed by the Claims Administer from the settlement fund;

4. Based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Order and Final Judgment notwithstanding the Court's retention of jurisdiction to oversee implementation and enforcement of the Settlement Agreement, the Court directs the Clerk to enter final judgment pursuant to Rule 58;

5. This Action is hereby dismissed with prejudice.


Dated: _____ 2019          _____
                            Honorable Brian J. Davis
                            United State District Judge

# EXHIBIT 3

**NOTICE OF CLASS ACTION LAWSUIT AND PROPOSED SETTLEMENT**
THE COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.

*Bermudez, et al v. Palmer, Reifler & Associates and Wal-Mart Stores, Inc.*
**USDC, Middle District of Florida, Jacksonville Division Case No. 3:16-cv-673-BJD-JRK**

YOU MAY BE ENTITLED TO RECEIVE MONETARY COMPENSATION.

| | |
|---|---|
| **What is this?** | This is notice of a Proposed Settlement in a class action lawsuit. |
| **What is this lawsuit about?** | The Settlement would resolve a lawsuit brought on behalf of a putative class of individuals, alleging Wal-Mart Stores, Inc. ("Walmart") and Palmer, Reifler & Associates ("PRA") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by making prerecorded calls to cell phones without the prior express consent of Plaintiff or the putative class members. Walmart and PRA deny these allegations and any wrongdoing. The Court has not ruled on the merits of Plaintiff's claims or Walmart and PRA's defenses. |
| **Why am I getting this notice?** | You were identified as someone who may have received one of these calls based on Walmart and PRA's records. |
| **What does the Settlement provide?** | Walmart has agreed to pay a total of $3,500,000 into a Settlement Fund, which will pay for the cost of notice and administration of the settlement, Settlement Class members' claims, attorneys' fees and costs incurred by counsel for Plaintiff and the Settlement Class ("Class Counsel"), and a service award for Plaintiff. Class Counsel estimates that a Settlement Class member who submits a valid and |

42105

|  | timely claim form ("Claim Form") may receive a cash award of between $XXX to $XXX. Plaintiff will petition for a service award not to exceed $X,000 for Plaintiff's work in representing the Class and Class Counsel's fees up to one third of the settlement fund, not to exceed $_____, plus reasonable expenses. |
|---|---|
| **How can I receive a payment from the Settlement?** | To receive payment, you must complete and submit a valid Claim Form by Xxxxxx XX, 2019. You can obtain and submit a Claim Form online at www.PRATCPASettlement.com. You can also make a claim by phone or obtain a mail-in Claim Form by calling [INSERT HOTLINE]. Mail-in Claim Forms must be sent to the Settlement Administrator at the address below. |
| **Do I have to be included in the Settlement?** | If you do not want monetary compensation from this Settlement and you want to keep the right to sue, or continue to sue Walmart or PRA on your own, then you must exclude yourself from the Settlement by sending a letter to the address below requesting exclusion to the Settlement Administrator by Xxxxxx XX, 2019. The letter must contain the specific information set forth on the Settlement Website "Opt-Out Process." |
| **If I don't like something about the Settlement, how do I tell the Court?** | If you do not exclude yourself from the Settlement, you can object to any part of the Settlement. You must file your written objection with the Court by Xxxxxx XX, 2019, and mail a copy to both Class Counsel and defense counsel. Your written objection must contain the specific information set forth on the Settlement Website. |

| What if I do nothing? | If you do nothing, you will not be eligible for a payment. But you will still be a Settlement Class member and bound by the Settlement, and you will release Walmart and PRA from liability. |
|---|---|
| How do I get more information about the Settlement? | This notice contains limited information about the Settlement. For more information, to view additional Settlement documents, and to review information regarding your opt-out and objection rights and the final approval hearing, visit www.PRATCPASettlement.com. You can also obtain additional information, a long form notice or Claim Form by calling [INSERT NUMBER]. |

WALMART AND PRA TCPA SETTLEMENT
AMERICAN LEGAL SERVICES INC.
 [INSERT CLAIMS ADMIN ADDRESS]


[CLAIM ID IN DIGITS]
[CLAIM ID IN 2D BARCODE]
Postal Service: Please Do Not Mark or Cover Barcode


[FIRST1] [LAST1]
[BUSINESSNAME]
[ADDR1] [ADDR2]
[CITY] [ST] [ZIP]

40344

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS COOK and EMANUEL          )
BERMUDEZ, individually and on    )
behalf of all others similarly situated,    )
                                 )
          Plaintiffs,            )          Case No.: 3:16-cv-673-BJD-JRK
                                 )
     v.                          )          District Judge Brian J. Davis
                                 )
PALMER, REIFLER & ASSOCIATES,    )          Magistrate Judge James R. Klindt
and WAL-MART STORES, INC.,       )
                                 )
          Defendants.            )

**[PROPOSED] ORDER  (1) CONDITIONALLY CERTIFYING A SETTLEMENT
CLASS, (2) PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT,
(3) APPROVING NOTICE PLAN AND (4) SETTING FINAL APPROVAL HEARING**

42106

This matter came before the Court on Plaintiff's Motion for Preliminary Approval of the proposed class action settlement (the "Settlement") of the case entitled *Cook and Bermudez, et al v. Palmer, Reifler & Associates and Wal-Mart Stores, Inc.,* United States District Court for the Middle District of Florida, Jacksonville Division Case No. 3:16 CV 673-BJD-JRK ("Action"). The Action was brought by plaintiff Emanuel Bermudez ("Bermudez" or " Plaintiff"), individually and on behalf of all others similarly situated, against defendant Palmer, Reifler & Associates and Wal-Mart Stores, Inc., ("PRA" and  "Walmart" and, together with Plaintiff, the "Parties").   Based on this Court's review of the Parties' Settlement Agreement and Release ("Agreement"), Plaintiff's Motion for Preliminary Approval of Settlement, and the arguments of counsel, THE COURT HEREBY FINDS AND ORDERS AS FOLLOWS:

1.     <u>Settlement Terms</u>. Unless otherwise defined herein, all terms in this Order shall have the meanings ascribed to them in the Agreement.

2.     <u>Jurisdiction</u>. The Court has jurisdiction over the subject matter of the Action, the Parties, and all persons in the Settlement Class.

3.     <u>Scope of Settlement</u>. The Agreement resolves all claims alleged in the Class Action Complaint filed in the Middle District of Florida, Jacksonville Division on May 31, 2016. *See* ECF No. 1.

4.     <u>Preliminary Approval of Proposed Agreement</u>. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Agreement. Based on this preliminary evaluation, the Court finds that: (a) the Agreement is fair, reasonable and adequate, and within the range of possible approval; (b) the Agreement has been negotiated in good faith at arm's length between experienced attorneys familiar with the legal and factual issues of this case; and (c) with respect to the forms of notice of the material terms of the Settlement to persons in the

42106

Settlement Class for their consideration (Exhibits 1, 2, and 3 to the Agreement), that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement.

5.     <u>Class Certification for Settlement Purposes Only</u>. The Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, conditionally certifies, for purposes of this Settlement only, the following Settlement Class:

A.  Wrong-Number Class: (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number, such as where PRA listed that number on its Wrong Number List.

B.  Call after Wrong-Number Notation Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number after it was already informed it had the wrong number, such as where the number was previously added to PRA's Wrong-Number List.

C.  DNC Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called after receiving a do not call request, such as where the number was previously added to PRA's Do Not Call List.

The following are excluded from the Settlement Class: (1) the trial judge presiding over this case; (2) PRA, as well as any parent, subsidiary, or affiliate of PRA, and the officers, directors, agents, servants, or employees of PRA; (3) Walmart, as well as any parent, subsidiary, or affiliate of Walmart, and the officers, directors, agents, servants, or employees of Walmart; (4) any of the Released Parties; (5) the immediate families of any such person(s); (6) any Settlement Class Member who has timely opted out of this proceeding; and (7) Plaintiff's Counsel, their employees, and their immediate family.

6.     In connection with this conditional certification, the Court makes the following preliminary findings:

42106

     (a)     The Settlement Class includes but is not limited to persons associated with at least 31,748 unique cellular telephone numbers, so the size of the class is so numerous that joinder of all members is impracticable;

     (b)     There appear to be questions of law or fact common to the Settlement Class for purposes of determining whether the Settlement should be approved;

     (c)     Plaintiff's claims appear to be typical of the claims being resolved through the Settlement;

     (d)     Plaintiff appears to be capable of fairly and adequately protecting the interests of all members of the Settlement Class in connection with the Settlement;

     (e)     For purposes of determining whether the Agreement is fair, reasonable and adequate, common questions of law and fact appear to predominate over questions affecting only individual persons in the Settlement Class. Accordingly, the Settlement Class appears to be sufficiently cohesive to warrant settlement by representation; and

     (f)     For purposes of the Settlement, certification of the Settlement Class appears to be superior to other available methods for the fair and efficient settlement of the claims of the Settlement Class.

7.    <u>Class Representative</u>. The Court appoints Plaintiff to act as the representative of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

8.    <u>Class Counsel</u>.  The Court appoints Keith J. Keogh, Amy Wells, William Howard and Amanda Allen as Class Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9.    <u>Final Approval Hearing</u>.  At _____ _.m. on _____, 2019, in Room 12C, 12th Floor, United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202, or

42106

at such other date and time later set by Court Order, this Court will hold a Final Approval Hearing on the fairness, adequacy and reasonableness of the Agreement and to determine whether (a) final approval of the Settlement embodied by the Agreement should be granted, and (b) Class Counsel's application for attorneys' fees and expenses, and service award to Plaintiff, should be granted, and in what amount.

10. No later than _____, 2019, Plaintiff must file papers in support of Class Counsel's application for attorneys' fees and expenses and the service award to the Plaintiff. No later than _____, 2019, which is fourteen (14) days prior to the Final Approval Hearing, papers in support of final approval of the Settlement and response to any written objections must be filed.

11. <u>Settlement Claims Administrator</u>. American Legal Services Inc., subject to approval by the Court, will serve as the Claims Administrator. The Claims Administrator shall be responsible for providing the class Notice as well as services related to administration of the Settlement.

12. <u>Class Notice</u>. The Class Administrator shall provide direct notice via First Class Mail to Settlement Class Members for whom it has contact information. Notice shall be by way of a postcard and shall contain a claim ID and shall direct recipients to the Settlement Website. Prior to mailing the postcard notice, the Claims Administrator shall search for updated addresses via the USPS national change of address database. The Claims Administrator shall re-mail one time any Notice returned as undeliverable and shall undertake reasonable means to locate alternative addresses for the returned postcards. The Court hereby directs the Parties and the Claims Administrator to complete all aspects of the Notice Plan no later than


_____, 2019, which is 120 days following the entry of the Preliminary Approval Order ("Notice Deadline").

13.     The Claims Administrator will file with the Court by no later than _____, 2019, which is fourteen (14) days prior to the Final Approval Hearing, proof that notice was provided in accordance with the Agreement and this Order

14.     Opt-Out and Objection Deadline.  Persons in the Settlement Class who wish to either object to the Settlement or request exclusion from the Settlement Class must do so by _____, 2019, which is sixty (60) calendar days after the Notice Deadline. Persons in the Settlement Class may not both object and opt-out. Settlement Class Members may not submit both an Opt-Out Request and a Claim Form. If a Settlement Class Member submits both an Opt-Out Request and a Claim Form, the Claim Form will govern and the Opt-Out Request will be considered invalid unless, prior to the deadline to submit an Opt-Out, the Settlement Class Members confirms in writing their intent to withdraw the claim form in which case the Opt-Out will govern.

15.     Exclusion from the Settlement Class. A Settlement Class Member who wishes to exclude himself or herself from this Settlement, and from the Release pursuant to this Settlement, shall submit a written Opt-Out Request to the Claims Administrator at the address designated in the Notice no later than the Claim Filing Deadline. Opt-Out Requests must: (i) be timely submitted by the Claim Filing Deadline; (ii) be signed by the person in the Settlement Class who is requesting to be excluded from the Settlement Class; (iii) include the full name and address of the person in the Settlement Class requesting exclusion; (iv) include the mobile telephone number on which the person seeking exclusion believes they received the call or calls associated with the request for exclusion, and (v) include the following statement: "I

42106

request to be excluded from the settlement in the Bermudez TCPA action, and to waive all rights to the benefits of the settlement." No request for exclusion will be valid unless all of the information described above is included, but the exclusion will still be valid even if the telephone number provided does not match the class records of the number called, so long as the other identifying information provided in the Opt-Out Request matches the class records. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

16.     The Claims Administrator shall maintain a list of persons who have submitted Opt-Out Requests and shall provide such list to the Parties upon written request.

17.     <u>Objections to the Settlement</u>.  Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of objection with the Court by the objection date contained in the Notice, as well as any notice of intention to appear at the Final Approval Hearing. The objection must also be served on counsel of record by the objection date. To state a valid objection to the Settlement, an objecting Settlement Class Member must personally sign the objection and provide the following information in connection with and as part of any objection:  (i) full name, current address, and current telephone number; (ii) documentation sufficient to establish membership in the Settlement Class; (iii) a statement of the position the objector wishes to assert, including the factual and legal grounds for the position and objection; and (iv) copies of any other documents that the objector wishes to submit in support of his/her/its position. Any objecting Settlement Class Member may, but does not need to, appear in person or by counsel at the Final Approval Hearing held by the Court to show cause why the

42106

proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for attorneys' fees, incentive awards, and reimbursement of reasonable litigation costs and expenses.

18.     Settlement Class Members who do not file and serve timely written objections in accordance with the procedures set forth in this Agreement have waived any objections to the Settlement and are forever foreclosed from making any objection (whether by appeal or otherwise) to the settlement, or any aspect of the settlement, including, without limitation, the fairness, reasonableness, or adequacy of the proposed settlement, or any award of attorneys' fees or reimbursement of costs and expenses. For any objection filed, the Clerk of the Court is ordered to redact any social security number, the street address, telephone number and last name except first letter of last name in order to protect the objector's privacy. The objector's first name and city, state and zip code, as well as the objection, will not be redacted.

19.     <u>Stay of Other Proceedings</u>. Pending the final determination of whether the Settlement should be approved, all pre-trial proceedings and briefing schedules in the Action are stayed.

20.     Pending determination of whether the Settlement should be finally approved, barring and enjoining all persons in the Settlement Class, individually, and on a representative basis or other capacity, from commencing or prosecuting against any of the Released Parties any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims unless they timely opt-out.

21.     If for any reason whatsoever this Settlement is not finalized or the Settlement as detailed in the Agreement is not finally approved by the Court except in cases where the Court has denied approval without prejudice or a party appeals any such order denying approval, the

certification of the Settlement Class shall be void and the Parties and the Action will return to the status quo as it existed prior to the Agreement, and no doctrine of waiver, estoppel or preclusion will be asserted in any proceedings, in response to any motion seeking class certification, any motion seeking to compel arbitration or otherwise asserted at any other stage of the Action or in any other proceeding.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the proposed Settlement Class, Walmart, PRA, or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

22.     In the event that this Agreement is not approved by the Court or any appellate court, or otherwise fails to become effective and enforceable, or is terminated, or the Settlement Effective Date does not occur for any reason, Walmart and PRA will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Action. Such objections and defenses include, but are not limited to, Walmart and PRA's objections and defenses to any class-wide treatment and nothing in this Agreement or any document related to this Agreement shall be construed as a waiver by either Walmart or PRA of their contention that class certification is not appropriate and is contrary to law in this Action or any other case or proceeding.

23.     No Admission of Liability. Any certification of the Settlement Class in accordance with the terms of the Settlement Agreement is for settlement purposes only. Nothing in the Settlement Agreement will be construed as an admission or acknowledgement of any kind that any class should be certified in this Action or in any other action or proceeding. Further, neither the Settlement Agreement, nor the Court's actions with regard to

the Settlement Agreement, will be deemed admissible in this Action and are not intended to be admissible (and Plaintiff and Class Counsel shall not seek their admission), in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or in any other litigation, regarding the propriety of class certification or collective treatment. In the event that the Settlement Agreement is not approved by the Court or any appellate court, or otherwise fails to become effective and enforceable, or is terminated, or the Settlement Effective Date does not occur for any reason, Walmart and PRA will not be deemed to have waived, limited, or affected in any way any of its objections or defenses in the Action. Such objections and defenses include, but are not limited to, Walmart and PRA's objections and defenses to any class-wide treatment and nothing in the Settlement Agreement or any document related to the Settlement Agreement shall be construed as a waiver by either Walmart or PRA of their contention that class certification is not appropriate and is contrary to law in this Action or any other case or proceeding. The Settlement Agreement, and all related documents, including the Settlement Agreement, the certification for settlement purposes entered pursuant to the Settlement Agreement, and any Claims, Opt-Out Requests, Objections or other materials submitted by Settlement Class Members and all other actions taken in implementation of the Settlement, including any statements, discussions, or communications, and any materials prepared, exchanged, issued, or used during the course of the negotiations leading to the Settlement Agreement are settlement documents and shall be inadmissible in evidence and shall not be used for any purpose in this Action or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, forum, or proceeding, or any other litigation against Walmart or PRA, for any purpose, except in an action or proceeding to approve, interpret, or enforce the terms of the Settlement Agreement.

42106

24.     <u>Reasonable Procedures to Effectuate the Settlement</u>. Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice and Claim Form and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to persons in the Settlement Class.

25.     <u>Schedule of Future Events</u>. Accordingly, the following are the deadlines by which certain events must occur:

| _____, 2019 [120 days after the date of this Order] | Deadline for notice to be provided in accordance with the Agreement and this Order (Notice Deadline) |
|---|---|
| _____, 2019 [30 days after the Notice Deadline] | Deadline for filing of Plaintiff's Motion for Attorneys' Fees and Costs and Service Award |
| _____, 2019 [30 days prior to Final Approval Hearing] | Deadline to file objections or submit requests for exclusion (Opt-Out and Objection Deadline) |
| _____, 2019 [60 days after the Notice Deadline] | Deadline for Class Members to Submit a Claim Form (Claim Period) |
| _____, 2019 [30 days after the | Deadline for Parties to file the following: <br><br>(1) List of persons who made timely and proper requests for exclusion (under seal); |

| Opt-Out and Objection Deadline] | (2) Proof of Class Notice; and<br>(3) Motion and memorandum in support of final approval, including responses to any objections. |
|---|---|
| **_____, 2019 at ____ _.m.**<br><br>[No earlier than 149 days from the entry of this Order] | Final Approval Hearing |

IT IS SO ORDERED.


Dated:_____        _____

Hon. Brian J. Davis
United States District Judge

42106

# EXHIBIT 5

*Cook and Bermudez et al v. Palmer, Reifler & Associates and Wal-Mart Stores, Inc.*
**USDC, Middle District of Florida, Jacksonville Division**
**Case No. 3:16-cv-673-BJK-JRK**

**If you received calls on your cell phone from Palmer, Reifler & Associates ("PRA") on behalf of Wal-Mart Stores, Inc. ("Walmart"), you may be entitled to benefits under a class action settlement.**

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- **A proposed settlement will provide a total of $3,500,000 (the "Settlement Fund") to fully settle and release claims of individuals:**

  **A.  Wrong-Number Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number, such as where PRA listed that number on its Wrong Number List.**

  **B.  Call after Wrong-Number Notation Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number after it was already informed it had the wrong number, such as where the number was previously added to PRA's Wrong-Number List.**

  **C.  DNC Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called after receiving a do not call request, such as where the number was previously added to PRA's Do Not Call List.**

- **Walmart and PRA deny Plaintiff's allegations and deny any wrongdoing whatsoever. The Court has not ruled on the merits of Plaintiff's claims or Walmart and/or PRA's defenses. By entering into the settlement, Walmart and PRA have not conceded the truth or validity of any of the claims against them.**

- **The Settlement Fund shall be used to pay all amounts related to the settlement, including awards to Settlement Class members who submit a valid and timely claim form to receive payment ("Claim Form"), attorneys' fees and costs to attorneys representing Plaintiff and the Settlement Class ("Class Counsel"), any service award for Plaintiff and the costs of notice and administration of the settlement. Class Counsel estimate that Settlement Class members who timely submit a valid Claim Form will receive between $XXX and $XXX ("Initial Settlement Award Checks"), depending on the number of valid claims received. Any monies remaining**

42115

**in the Settlement Fund after the Initial Settlement Award Checks are distributed and the expiration date has passed will be distributed on a *pro rata* basis to those Settlement Class Members who cashed their Initial Settlement Award Checks (the "Subsequent Distribution"). The Subsequent Distribution shall be made within ninety (90) days after the expiration date of the Initial Settlement Award Checks.**

- **Your rights and options, and the deadlines to exercise them, are explained in this Notice. Your legal rights are affected whether you act or do not act. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you submit a valid Claim Form postmarked by Xxxx XX, 2019, you will receive a payment and will give up your rights to sue Walmart and PRA and any other released parties related to a released claim. Claim Forms may be submitted by mail to _____ or through the settlement website by clicking [here] or by calling XYZ-XXXXX. |
| EXCLUDE YOURSELF OR "OPT-OUT" OF THE SETTLEMENT | If you ask to be excluded, you will not receive a payment. This is the only option that allows you to pursue your own claims against Walmart or PRA or other released parties related to a released claim. The deadline for excluding yourself is Xxxx XX, 2019. |
| OBJECT TO THE SETTLEMENT | If you wish to object to the settlement, you must write to the Court about why you believe the settlement is unfair in any respect. The deadline for objecting is Xxxx XX, 2019. To obtain a benefit from this settlement, you must still submit a Claim Form. If you submit only an objection without a Claim Form, you will not receive any benefit from the settlement and you will give up your rights to sue Walmart or PRA or any other released parties related to a released claim. |
| DO NOTHING | If you do nothing, you will not receive any monetary award and you will give up your rights to sue Walmart or PRA or any other released parties related to a released claim. |
| GO TO THE FINAL APPROVAL HEARING | You may attend the Final Approval Hearing. At the Final Approval Hearing you may ask to speak in Court about the fairness of the settlement. To speak at the Final Approval Hearing, you must file a document which includes your name, address, telephone number and your signature with the Court, which must also state your intention to appear at the Final Approval Hearing. This must be filed no later than Xxxx XX, 2019. |

- These rights and options—and the deadlines to exercise them—are explained in this Notice.

42115

- The Court in charge of this case still has to decide whether to approve the settlement. Payments (*i.e.,* Settlement Award Checks) will be disbursed if the Court approves the settlement and after any appeals are resolved. Please be patient.

## BASIC INFORMATION

**1.  What is the purpose of this Notice?**

The purpose of this Notice is to inform you that a proposed Settlement has been reached in the putative class action lawsuit entitled *Cook and Bermudez, et al. v. Palmer, Reifler & Associates and Wal-Mart Stores, Inc.,* filed in the USDC, Middle District of Florida, Jacksonville Division Case No. 3:16-cv-673-BJK-JRK. Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

**2.  What does it mean if I received an email or postcard about this settlement?**

If you received an email or postcard describing this settlement, it is because Walmart and PRA's records indicate that you may be a member of the Settlement Class**.** You are a class member if your cellular telephone numbers have been identified fitting one of the below Settlement Class:

A.  Wrong-Number Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number, such as where PRA listed that number on its Wrong Number List.

B.  Call after Wrong-Number Notation Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number after it was already informed it had the wrong number, such as where the number was previously added to PRA's Wrong-Number List.

C.  DNC Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called after receiving a do not call request, such as where the number was previously added to PRA's Do Not Call List.

Excluded from the Settlement Class are the Judge to whom the Action is assigned, and any member of the Court's staff and immediate family, and all persons who are validly excluded from the Settlement Class.

42115

## 3.  What is this class action lawsuit about?

In a class action, one or more people called Class Representatives (here, Plaintiff, Emanuel Bermudez) sue on behalf of people who allegedly have similar claims. This group is called a class and the persons included are called class members. One court resolves the issues for all of the class members, except for those who exclude themselves from the class.

Here, Plaintiff claims Walmart and PRA violated the TCPA by placing prerecorded calls to cellular telephones without prior express consent. Walmart and PRA deny these allegations and deny any claim of wrongdoing. The Court has conditionally certified a class action for settlement purposes only. The Honorable Brian J. Davis is in charge of this action.

## 4.  Why is there a settlement?

The Court did not decide in favor of Plaintiff or Walmart or PRA. Instead, the parties agreed to this settlement. This way, the parties avoid the risk and cost of a trial, and the Settlement Class members will receive compensation. Plaintiff and Class Counsel think the settlement is best for all persons in the Settlement Class.

## WHO IS IN THE SETTLEMENT CLASS?

## 5.  How do I know if I am a part of the settlement class?

The Court has certified a class action for settlement purposes only. The Settlement Class is defined as:

A.  Wrong-Number Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number, such as where PRA listed that number on its Wrong Number List.

B.  Call after Wrong-Number Notation Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number after it was already informed it had the wrong number, such as where the number was previously added to PRA's Wrong-Number List.

C.  DNC Class:  (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called after receiving a do not call request, such as where the number was previously added to PRA's Do Not Call List.

42115

"Settlement Class Member" is defined as any person in the Settlement Class who is not validly excluded from the Settlement Class. If you are still not sure whether you are included, you can visit other sections of the Settlement Website, www.PRATCPASettlement.com, you may write to the claims administrator at Walmart and PRA Telephone Consumer Protection Act Litigation., c/o _____, or you may call the Toll-Free Settlement Hotline, 1-_____, for more information.

## THE LAWYERS REPRESENTING YOU

### 6. Do I have lawyers in this case?

The Court has appointed the law firms of Keogh Law, Ltd. and The Consumer Protection Firm as Class Counsel to represent you and the other persons in the Settlement Class. You will not be personally charged by these lawyers.

### 7. How will Class Counsel be paid?

Class Counsel will ask the Court to approve payment of up to one third of the Settlement Fund, or $____, for attorneys' fees plus reasonable expenses. Class Counsel also will ask the Court to approve payment of $X,000 to Plaintiff for his services as Class Representative. The Court may award less than these amounts.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

### 8. What does the settlement provide?

**Settlement Fund**. Walmart will pay the total amount of $3,500,000 into a fund (the "Settlement Fund"), which will cover:  (1) cash payments to Settlement Class Members who submit timely and valid Claim Forms; (2) an award of attorneys' fees and costs to Class Counsel, in an amount equal to one third of the settlement fund, not to exceed $____ plus expenses, as approved by the Court; (3) service award to the Plaintiff, Emanuel Bermudez, in an amount not to exceed $X,000, as approved by the Court; (4) the costs of notice and administration of the Settlement; and (5) under certain circumstances as described below, a charitable contribution.

**Cash Payments**.  All Settlement Class Members are eligible to submit a Claim Form and receive a cash payment. To submit a Claim Form, follow the procedures described under Question 11 below.

**No Portion of the Settlement Fund Will Return to Walmart.**  Any money remaining in the Settlement Fund after paying all valid and timely claims to Settlement Class Members, attorneys' fees and costs to Class Counsel, any service award to Plaintiff, and the costs of notice and administration of  the settlement will be distributed on a *pro rata* basis to those Settlement Class Members who cashed their Initial Settlement Award Check. This subsequent distribution will be made within ninety (90) days after the expiration date of the Initial Settlement Award Check has passed.

42115

**9.  How much will my payment be?**

Your share of the Settlement Fund will depend on the number of valid Claim Forms that Settlement Class Members submit. Class Counsel estimates that the amount of the cash award (while dependent upon the number of claims) may be within the range of $XXX to $XXX.  **This is an estimate only. The final cash payment amount will depend on the total number of valid and timely claims submitted by Settlement Class Members.**

**10.  What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself from the settlement, you will be part of the Settlement Class and will be bound by the release of claims in the settlement. This means that if the settlement is approved, you cannot rely on any Released Claim to sue, or continue to sue, Walmart, PRA or any other Released Parties, on your own or as part of any other lawsuit, as explained in the Settlement Agreement. It also means that all of the Court's orders will apply to you and legally bind you. Unless you exclude yourself from the settlement, you will agree to release Walmart and PRA and any other Released Parties, as defined in the Settlement Agreement, from any and all claims that arise from the prerecorded calls to your cellular telephone at issue in this action.

In summary, the Release includes any and all claims, rights, causes of action, penalties, demands, damages, debts, accounts, duties, costs and expenses (other than those costs and expenses required to be paid pursuant to this Agreement), liens, charges, complaints, causes of action, obligations, or liability of any and every kind that were asserted in the Action, or that could have been asserted but were not asserted in the Action, or in any other court or forum, whether known or unknown, on the basis of, connected with, arising out of, or related in whole or in part to any or all of the alleged acts, omissions, facts, matters, transactions, circumstances, and occurrences that were directly or indirectly alleged, asserted, described, set forth, or referred to in the Action, whether such allegations were or could have been based on common law or equity, or on any statute, rule, regulation, order, or law, whether federal, state, or local, including but not limited to claims relating to the TCPA and other laws involving the use of automatic telephone dialing system and/or the use of artificial or prerecorded voice ("Released Claims").

If you have any questions about the Release or what it means, you can speak to Class Counsel, listed under Question 6, for free; or, at your own expense, you may talk to your own lawyer. The Release does not apply to persons in the Settlement Class who timely exclude themselves.

### HOW TO OBTAIN A PAYMENT

**11.  How can I get a payment?**

To receive a payment, you must timely submit a properly completed Claim Form. You may get a Claim Form on the Settlement Website: www.PRATCPASettlement.com, or by calling the Toll-

42115

Free Settlement Hotline, _____. **Read the instructions carefully, fill out the form completely and accurately, sign it and submit by the deadline**. A Claim Form may be submitted by mail to the claims administrator at: Walmart and PRA Telephone Consumer Protection Act Litigation., c/o _____, or via the Settlement Website [click here]. To be deemed timely, Claim Forms must be submitted via the Settlement Website, 800-number, or postmarked prior to or on the last day of the Claim Filing Deadline, which is Xxxxx XX, 2019.

## WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT?

**12.  When would I receive a settlement payment?**

The Court will hold a hearing on Xxxxx XX, 2019 to decide whether to approve the Settlement. If the Court approves the Settlement, after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. Everyone who sends in a Claim Form will be informed of the progress of the settlement through information posted on the Settlement Website at www.PRATCPASettlement.com. Please be patient.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13.  How do I get out of the settlement?**

If you want to keep the right to sue, or continue to sue, Walmart, PRA or a Released Party, as defined in the Settlement Agreement, then you must take steps to get out of the Settlement Class. This is called excluding yourself from, or opting-out of, the Settlement Class.

To exclude yourself from the settlement, you must send an exclusion request to the claims administrator. To be valid, an exclusion request must: (i) be signed by the person in the Settlement Class who is requesting exclusion; (ii) include the full name and address of the person in the Settlement Class requesting exclusion; and (iii) include the following statement: "I/we request to be excluded from the settlement in the Walmart and PRA TCPA action." No request for exclusion will be valid unless all of the information described above is included. No person in the Settlement Class, or any person acting on behalf of or in concert or participation with that person in the Settlement Class, may exclude any other person in the Settlement Class from the Settlement Class.

**To be valid, you must mail your exclusion request postmarked no later than Xxxxxx XX, 2019 to the claims administrator at Walmart and PRA Telephone Consumer Protection Act Litigation, c/o _____.**

**14.  If I do not exclude myself, can I sue Walmart or PRA for the same thing later?**

No. If you do not exclude yourself, you give up any right to sue (or continue to sue) Walmart, PRA or any Released Parties for the claims that this settlement resolves.

42115

### 15.  If I exclude myself, can I get a benefit from this settlement?

No. If you ask to be excluded, you will not be able to submit a Claim Form for a settlement payment and you cannot object to the settlement.

## OBJECTING TO THE SETTLEMENT

### 16.  How do I tell the Court that I do not think the settlement is fair?

If you are in the Settlement Class, you can object to the settlement or any part of the settlement that you think the Court should reject, and the Court will consider your views. If you do not provide a written objection in the manner described below, you shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the settlement or the award of any attorneys' fees and costs and/or service award.

To object, you must make your objection in writing, stating that you object to the settlement in Walmart and PRA Telephone Consumer Protection Act Litigation. To be considered by the Court, the written objection must: (i) attach documents establishing, or provide information sufficient to allow the parties to confirm, that the objector is a Settlement Class Member, including providing the cellular telephone number at which you received prerecorded calls; (ii) include a statement of the specific objections; and (iii) state the grounds for objection, as well as identify any documents which the objector desires the Court to consider.

**To be considered, you must file your objections with the Court and mail your objections to the addresses below no later than Xxxxxx XX, 2019.**

For Plaintiff:

Keith Keogh
Amy L. Wells
Keogh Law, Ltd.
55 Monroe St., 3390
Chicago, IL 60603

William Peerce Howard
Amanda J. Allen
The Consumer Protection Firm
210 A-South MacDill Ave.
Tampa, Florida 33609

For Defendant, Walmart:

Shannon Z. Petersen
Sheppard, Mullin, Richter & Hampton, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130

For Defendant, PRA:

Ernest H. "Skip" Kohlmyer, III
Shepard, Smith, Kohlmyer & Hand, P.A.
2300 Maitland Center Pkwy., Suite 100, Maitland, FL 32751

42115

**Even if you timely and properly object, to obtain a benefit from this settlement, you must submit a Claim Form. If you object but fail to submit a Claim Form, you will not receive any monetary award.**

| 17. What is the difference between objecting and excluding yourself? |
|---|

Objecting is telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself means that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## IF YOU DO NOTHING

| 18. What happens if I do nothing at all? |
|---|

If you do nothing, you will not receive any monetary award and you will give up your rights to sue Walmart or PRA or any other Released Parties related to a Released Claim. For information relating to what rights you are giving up, see Question 10.

## THE FINAL APPROVAL HEARING

| 19. When and where will the Court decide whether to approve the settlement? |
|---|

The Court will hold a Final Approval Hearing at XX:00 a.m. on Xxxxx XX, 2019 in Room 12C, 12th Floor, at   United States Courthouse, 300 North Hogan Street, _____. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 13 above, the Court also will consider them and will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Class Counsel and Plaintiff.

The Final Approval Hearing may be moved to a different date or time without additional notice, so it is a good idea to check the Settlement Website for updates.

| 20. Do I have to come to the hearing? |
|---|

No. Class Counsel will appear on behalf of the Settlement Class. But, you are welcome to come, or have your own lawyer appear, at your own expense.

| 21. May I speak at the hearing? |
|---|

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted to the Court according to the procedure set forth in Question 16 above. To speak at the Final Approval Hearing, you must also file a document with the Court stating your intention to appear. For this document to be considered, it must include your name, address, telephone number and your signature. The

42115

document must be filed with the Court no later than Xxxxx, XX, 2019. You cannot speak at the hearing if you exclude yourself from the settlement.

## GETTING MORE INFORMATION

| **22. How do I get more information?** |
|---|

This notice is only a summary of the proposed settlement. You can get a copy of the settlement agreement by visiting the Settlement Website, www.PRATCPASettlement.com, or you can write to the address below or call the Toll-Free Settlement Hotline, _____.  You can also call Class Counsel with any questions at 866.726.1092.

**DO NOT CALL OR WRITE TO THE COURT, THE CLERK OF THE COURT, WALMART STORES, INC., PALMER, REILFER & ASSOCIATES, OR WALMART OR PRA'S COUNSEL ABOUT THE SETTLEMENT. ALSO, TELEPHONE REPRESENTATIVES WHO ANSWER CALLS MADE TO THE TOLL-FREE NUMBER ARE NOT AUTHORIZED TO CHANGE THE TERMS OF THE SETTLEMENT OR THIS NOTICE.**

42115