UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THOMAS COOK, individually and on
behalf of all others similarly situated and
EMANUEL BERMUDEZ, individually
and on behalf of all others similarly
situated,

      Plaintiffs,

v.                                           Case No. 3:16-cv-673-J-39JRK

WAL-MART STORES, INC, PALMER,
REIFLER & ASSOCIATES, and
TRACFONE WIRELESS, INC.,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Motion for Service Award and for an Award of Attorneys' Fees and Expenses (Doc. 204) and the Unopposed Motion for Final Approval of Class Action Settlement (Doc. 206). The Court having held a Final Approval Hearing on May 28, 2020, notice of the hearing having been duly given in accordance with this Court's Order (1) Preliminarily Approving Class Action Settlement, (2) Conditionally Certifying a Settlement Class, (3) Approving Notice Plan, and (4) Setting Final Approval Hearing (Docs. 177, 178, 199, and 208), and having considered all matters submitted at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order,

It is hereby **ORDERED**

1. The Settlement Agreement and Release dated December 18, 2018, including its Exhibits (Doc. 206-1; "Agreement"), and the definition of words and terms

contained therein, are incorporated by reference and are used hereafter. The terms and definitions of this Court's Preliminary Approval Order (Doc. 178) are also incorporated by reference into this Final Approval Order.

2.   This Court has jurisdiction over the subject matter of the Action and over Palmer, Reifler & Associates ("PRA") and Walmart, Inc. ("Walmart") and Plaintiff, including all Settlement Class Members, (collectively, "the Parties"), with respect to the Settlement Class certified for settlement purposes in this Court's Preliminary Approval Order, as follows:

> A. Wrong-Number Class: (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number, such as where PRA listed that number on its Wrong Number List.
>
> B. Call after Wrong-Number Notation Class: (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called the wrong number after it was already informed it had the wrong number, such as where the number was previously added to PRA's Wrong-Number List.
>
> C. DNC Class: (1) All persons in the United States (2) to whose cellular telephone number (3) PRA placed or caused to be placed a non-emergency telephone call (4) on behalf of Walmart (5) using an artificial or prerecorded voice (6) within 4 years of the complaint (7) where PRA called after receiving a do not call request, such as where the number was previously added to PRA's Do Not Call List.

The Settlement Class includes but is not limited to persons associated with at least 23,083 unique cellular telephone numbers. The following are excluded from the Settlement Class: (1) the trial judge presiding over this case; (2) PRA, as well as any parent, subsidiary, or affiliate of PRA, and the officers, directors, agents, servants, or employees of PRA; (3) Walmart, as well as any parent, subsidiary, or affiliate of Walmart,

and the officers, directors, agents, servants, or employees of Walmart; (4) any of the Released Parties; (5) the immediate families of any such person(s); (6) any Settlement Class Member who has timely opted out of this proceeding; and (7) Plaintiff's Counsel, their employees, and their immediate family.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and PRA and Walmart.

4. The Court hereby finds and concludes that Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Agreement and that the Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

5. The Court further finds and concludes that the Class Notice and claims submission procedures set forth in the Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided due and sufficient individual notice to all persons in the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Agreement and this Final Approval Order.

6. There were no objections to the Agreement and only one exclusion.

7. The Unopposed Motion for Final Approval of Class Action Settlement (Doc. 206) is **GRANTED** and the Court hereby finally **APPROVES** the Agreement and finds that the terms constitute, in all respects, a fair, reasonable and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure.

8. The Court hereby finally **CERTIFIES** the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Action satisfies all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. The Court hereby **APPROVES** the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to distribution of Settlement Fund, the Subsequent Distributions and disposition of any remaining funds thereafter.

10. This Court hereby **DISMISSES** this Action, **with prejudice** as to the Settlement Class Representative and the Settlement Class Members (other than those who timely filed valid Opt-Out Requests), without costs to any party, except as expressly provided for in the Agreement.

11. As of the Effective Date, the Plaintiff and each and every Releasing Settlement Class Member irrevocably releases, acquits, and forever discharged the Released Parties from the Released Claims as fully set forth in the Agreement. In addition, any rights of Plaintiff and each and every one of the Settlement Class Members to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws will be terminated.

12. If for any reason whatsoever this Settlement fails to become effective for any reason, the certification of the Settlement Class and the Settlement Agreement shall be deemed null, void, and unenforceable and shall not be used nor shall it be admissible in any subsequent proceedings either in this Court or in any other judicial, arbitral, administrative, investigative, or other court, tribunal, or other proceeding, or other litigation against PRA or Walmart, and the Parties shall return to their respective positions prior to

the Court's consideration of this Settlement.  No agreements, documents or statements made by or entered into by any Party in connection with the Settlement may be used by Plaintiff, any person in the Settlement Class, PRA, Walmart, or any other person to establish liability, any defense and/or any of the elements of class certification, whether in the Action or in any other proceeding.

13. In the event that the Settlement fails to become effective for any reason, the money remaining in the Settlement Fund, less expenses and taxes incurred or due and owing and payable from the Settlement Fund in accordance with the Agreement, shall be returned to Walmart.

14. In the event that any provision of the Agreement or this Final Approval Order is asserted by PRA and Walmart as a defense in whole or in part to any claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Final Approval Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

15. By incorporating the Agreement and its terms herein, the Court determines that this Final Approval Order complies in all respects with Federal Rule of Civil Procedure 65(d)(1).

16. Class Counsel have moved pursuant to Federal Rules of Civil Procedure 23(h) and 52(a) for an award of attorneys' fees and reimbursement of expenses (Doc. 204). Pursuant to Rules 23(h)(3) and 52(a), this Court makes the following findings of fact and conclusions of law as to the Motion for Service Award and for an Award of Attorneys' Fees and Expenses (Doc. 204):

(a) that the Class Settlement confers substantial benefits on the Settlement Class Members;

(b) that the value conferred on the Settlement Class is immediate and readily quantifiable (upon this Judgment becoming Final (as defined in the Agreement), Settlement Class Members who have submitted valid and timely Settlement Claim Certification Forms will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the Telephone Consumer Protection Act ("TCPA");

(c) that Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d) that the Class Settlement was obtained as a direct result of Class Counsel's advocacy;

(e) that the Class Settlement was reached following extensive negotiation between Class Counsel and Counsel for PRA and Walmart, and was negotiated in good-faith and in the absence of collusion;

(f) that Settlement Class Members were advised in the Class Notice approved by the Court that Class Counsel intended to apply for an award of attorneys' fees in the amount in an amount of up to **$1,165,550.00** plus expenses incurred in the prosecution of the Litigation, to be paid from the Settlement Fund;

(g) that no member of the Settlement Class has (have) submitted written objection(s) to the award of attorneys' fees and expenses;

(h) that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. In the Eleventh Circuit, "it is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." In re Checking Acct. Overdraft Litig., 830 F. Supp.2d 1330, 1358 (S.D. Fla. 2011) (citing Camden I Condo Ass'n v. Dunkle, 946 F.2d 768, 771 (11th Cir. 1991); Boeing Co. v. Van Gemert, 444 U.S. 472, 478 (1980). The Eleventh Circuit endorses using the factors articulated in Johnson v. Georgia Highway Expr., Inc., 488 F.2d 714 (5th Cir. 1974) to confirm the reasonableness of the award in excess of 25%. See Camden I Condo. Ass'n, 946 F.2d at 775. The Johnson/Camden I factors are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the

- 7 -

skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Camden I, 946 F.2d at 772, n.3. These factors confirm the reasonableness of the proposed fee award here and the Motion for Service Award and for an Award of Attorneys' Fees and Expenses (Doc. 204) is **GRANTED** to the extent that Class Counsel are hereby awarded **$1,165,500.00** for attorneys' fees and **$57,903.83** for reimbursed expenses from the balance of the Settlement Fund, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Agreement.

17.   The Motion for Service Award and for an Award of Attorneys' Fees and Expenses (Doc. 204) is **GRANTED** to the extent that the Class Representative, **EMANUEL BERMUDEZ**, as identified in the Preliminary Approval Order, is hereby compensated in the amount of **$20,000.00** for his efforts in this case. See e.g., Cooper v. Nelnet, Inc., No. 614CV314ORL37DAB, 2015 WL 12839778, at *2 (M.D. Fla. Aug. 4, 2015) ($25,000.00 incentive award); Gevaerts v. TD Bank, No. 1:14-CV-20744-RLR, 2015 WL 6751061, at *9 (S.D. Fla. Nov. 5, 2015) ($10,000 incentive awards to two sets of plaintiffs) (citing Spicer v. Chicago Bd. Options Exch., Inc., 844 F. Supp. 1226, 1267-

68 (N.D. Ill. 1993) (collecting cases approving incentive awards ranging from $5,000 to $100,000, and approving $10,000 for each plaintiff)).

**DONE** and **ORDERED** in Jacksonville, Florida this  4th  day of June, 2020.

_____
BRIAN J. DAVIS
United States District Judge

5
Copies furnished to:

Counsel of Record
Unrepresented Parties